**Glenn CHAPMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47141.**

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

Rehearing Denied Feb. 20, 1974.

F. R. Files, Jr., Tyler, for appellant.

Curtis Owens, Dist. Atty., Tom Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of marihuana; the punishment, twelve and one half (12½) years.

By ground of error number one it is contended the court erred in admitting into evidence State's Exhibit No. 2, an offense report made by the State's witness Maxey. Maxey testified that he came to Tyler to serve undercover, ferreting out narcotics violations, in "the first part of June 1971". On cross-examination he was asked if he had not testified in another case that he came to Tyler in the last part of June 1971. The witness answered, "There was a discrepancy on my part then [at the other trial] because I meant the latter part of May." The date of his arrival in Tyler was important because the offense report was dated June 7, 1971, and related to the events of the day before. It is apparent from the above that this witness was testifying differently from what he had previously stated. This is important because appellant contends that the offense report was not admissible because it only bolstered the witness Maxey's testimony where he had not been impeached as the same is defined in the opinion of this Court in Acker v. State, 421 S.W.2d 398. In that case we had occasion to point out that a rigid cross-examination of a witness would not authorize corroboration, but that if the witness (as the witness in the case at bar) is placed in an attitude of having changed his testimony or having testified differently now from what he had formerly stated then corroboration is authorized. It is clear that State's Exhibit No. 2 corroborated the witness's testimony that the offense occurred in the first part of June 1971.

Ground of error number one is overruled.

Ground of error number two contends that the prosecutor commented on appellant's failure to testify. During the trial appellant's counsel had taken the witness Maxey to task for not having learned the names of appellant's companions on the day in question and the make and license of the automobile in which they were seated. In his argument the prosecutor said:

"I hope I have shown that it wasn't really possible, or wasn't really practical

to get the names of the other people in that car with the Defendant at the time this sale was made; but—do you remember a question by Buck Files while Maxey was on the stand? He said, 'Wasn't so-and-so in that car?' I can't remember the name; but he asked that question. I think you will remember—he quoted a name, and said, 'Wasn't he in that car?' Of course, that is not evidence that this person was in the car; but it kind of leads you to believe that Mr. Files [appellant's counsel] knows or has information as to who was in the car on that particular date. Officer Maxey said they weren't committing any offenses, they were just present. So, if they were committing no offenses why couldn't they testify, why couldn't this particular person testify? Isn't it reasonable to assume that maybe the Defense knows his name and we don't? He could have testified, and I think—"

It is clear that until he reached the words "He could have testified, and I think—" that the prosecutor was commenting on the knowledge of defense counsel and his failure to call certain witnesses. We do not find from the above that the prosecutor so clearly shifted from his discussion of defense counsel to appellant himself so as to constitute a violation of the statute or reversible error. Art. 38.08, Vernon's Ann. C.C.P. In Lipscomb v. State, 467 S.W.2d 417, we stated that the important factor was "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on his failure to testify." What we said in Lipscomb, supra, is controlling here.

Ground of error number two is overruled.

■ Ground of error number three related to the alleged refusal of the court to allow appellant to take the deposition of the witness Maxey prior to trial. The application alleged that Maxey had refused to talk to counsel. In the record we find an ap-

plication to take such deposition and the court's order setting a hearing on such application together with counsel's testimony given at such hearing.

The court expressed the view that a conference with the witness plus a copy of all statements in the hand of the prosecutor (which had been offered by the prosecutor) might serve appellant's purpose. The court concluded by saying that his ruling was subject to reconsideration in the event the witness was not made available to defense counsel. No further relief was prayed for. Appellant has made no showing that he was injured by the above ruling. McCrea v. State, 494 S.W.2d 821.

Finding no reversible error, the judgment is affirmed.