Michael Wayne JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00419–CR.

Court of Appeals of Texas, Dallas.

May 17, 1983.

Blake Withrow, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

Michael Wayne Johnson was convicted of aggravated rape and sentenced to 99 years imprisonment. In a per curiam opinion, we reversed the conviction on appellant's seventh ground, that the prosecutor's argument injected his personal opinion of appellant's guilt. The Court of Criminal Appeals granted the State's Petition For Discretionary Review, reversed our judgment, and remanded the case to this court for consideration of appellant's nine remaining grounds of error. We now overrule each of these remaining contentions and affirm.

■ In his first two grounds of error, appellant contends that the pre-trial identification procedure utilized by the State was unnecessarily suggestive, and that the trial court erred in admitting the in-court identification which resulted from that procedure. The record reveals that the complaining witness was shown a photographic line-up nine days after the offense occurred. This line-up included State's exhibit number eight, a photo of the appellant. When the witness was unable to identify her assailant from these photos, Officer Petterson picked out exhibit eight and specifically asked her if she could identify it as her assailant. She could not. Two weeks later, the complaining witness was shown a second photographic line-up which included State's exhibit number one, another photo of the appellant. This time, she was able to identify appellant as her assailant.

Appellant contends that this procedure was impermissibly suggestive because the other photos in the second line-up bore little resemblance to the appellant's photo and because it took place only two weeks after a different photo of the appellant had been specifically pointed out to the complaining witness. We disagree. The complaining witness testified at trial that she was still unable to identify State's exhibit number eight as her assailant even after she was told it was a photo of the appellant. She further testified that exhibit eight did not look like the appellant. She was, however, able to identify State's exhibit number one. This testimony establishes that her pre-trial identification was not based upon any suggestion made during the earlier photographic line-up. Furthermore, the witness' in-court identification was of independent origin, it being based upon her close observation of her assailant during the rape. Under these facts, the identification testimony was admissible. *Jackson v. State,* 470 S.W.2d 201 (Tex.Cr.App.1971), cert. denied 405 U.S. 1067, 92 S.Ct. 1511, 31 L.Ed.2d 798 (1971). Appellant's first and second grounds of error are overruled.

■ In his third ground of error, the appellant contends that the trial court erred in excluding evidence that the complaining witness suffered from trichomonas, a sexually transmitted disease, at the time she was raped. This evidence, as all other evidence, must be relevant to a contested fact or issue to be admissible. *Stone v. State,* 574 S.W.2d 85, 89 (Tex.Cr.App.1978). The determination of relevancy is within the sound discretion of the trial judge. *Id.* at 89. As evidence of the complaining witness' sexual conduct, it was properly excluded. *See Young v. State,* 547 S.W.2d 23 (Tex.Cr.App.1977).

■ Appellant, in compliance with Texas Penal Code, Section 21.13, sought to offer evidence from Dr. Fawzi Iliya, the state's medical witness, that the prosecutrix was suffering from a sexually transmitted disease known as trichomonas, at the time of the rape. His contention on appeal is that such evidence, if permitted, would then

have permitted him to show that he did not suffer from trichomonas, and thus cast doubt on his identity as the rapist. Appellant was permitted to question Dr. Iliya outside the presence of the jury. Dr. Iliya testified that his records of her examination showed that the prosecutrix did not have trichomonas; only that she told him that she was being treated for the disease. His testimony was at best speculative as to whether the prosecutrix, if she in fact had trichomonas, would have infected appellant by the sexual contact which she had with him, because of her declaration to the doctor of the medication she was under to control the disease. Furthermore, appellant made no attempt to show the trial court the materiality of the evidence as to his identification, or as to any harm resulting to him from the suppression of the evidence, by his failure to show that he was in fact clear of the disease. The trial judge did not abuse his discretion by his exclusion of the evidence. Consequently, it was not error to exclude this evidence. Appellant's third ground of error is overruled.

■■■ In his fourth ground of error, appellant complains that the trial court erred in admitting into evidence several items of jewelry which, he contends, were the fruits of an unlawful search. This contention is without merit. The jewelry, which was identified by the complainant as resembling jewelry taken from her on the night of the offense, was originally found in the appellant's possession and was placed in police custody at the jail. The next day, the jewelry was released to appellant's brother, and eight days later a police officer went to the brother's home, without a search warrant, to retrieve it. The officer was then simply given the property upon his request, and the officer gave appellant's brother a signed receipt. No search was made, and the property was obtained with the consent of the person to whom it had been released. Furthermore, the appellant would have no standing to question the legality of a search of premises not under his control. *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974). Appellant's fourth ground of error is overruled.

In his fifth ground of error, appellant contends that the trial court should have granted his motion for a mistrial because the prosecutor's argument injected new evidence before the jury. The argument went as follows: "As I hold these chains in my hand, I'll ask you ladies to take a nice close look at them. You know gold when you see it. You know the weight of it. This isn't 14 karat gold." Appellant's objection to this argument was sustained, and the jury was instructed to disregard. His motion for a mistrial was denied.

■■■ For improper argument to constitute reversible error, it must be extreme or manifestly improper or inject new and harmful facts. *Duffy v. State,* 567 S.W.2d 197 (Tex.Cr.App.1978) (*en banc*), *cert. denied* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978). We find that the statement by the prosecutor that "this isn't 14 karat gold" was not a new fact put before the jury, but was a reasonable deduction from his analysis of the physical evidence and which served to answer the rhetorical questions just put to the jury. As such, it was a proper comment on the evidence. *See Wright v. State,* 582 S.W.2d 845 (Tex.Cr.App.1979). Furthermore, any possible error would have been cured by the court's prompt instruction. *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr.App.1979). Appellant's fifth ground of error is overruled.

■■■ In his sixth ground of error, appellant contends that the prosecutor shifted the burden of proof to the defendant in this argument:

All the evidence before you shows that he is guilty. There is not a shred of evidence otherwise. Not a shred of it. If you see a bit of evidence that he is not guilty, that comes from that stand, you'll have to make it up or—.

The defendant's objection, that this argument shifted the burden of proof to the defendant to contradict the facts, was overruled by the trial court. We agree with the trial court that this argument did not shift the burden of proof, but merely served to summarize the state of the evidence, which

is permissible. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980). The State may comment on the appellant's failure to present evidence in his favor. *Thomas v. State,* 638 S.W.2d 481 (Tex.Cr.App.1982) (*en banc*). Appellant's sixth ground of error is overruled.

 Appellant's eighth ground of error complains of the following argument made by the prosecutor:

Now, all the evidence in this case shows you what his current mental attitude is. There is no evidence to show you—in this trial—that he at any time ever showed mercy to her, at any time ever showed a remorse for what he was making her do.

Appellant contends that this argument constitutes a comment on the appellant's failure to testify. We disagree. Although this court has held that reference to a defendant's lack of remorse at trial constitutes a comment on his failure to testify, *Davis v. State,* 646 S.W.2d 594 (Tex.App.—Dallas, 1983), the argument in this case referred to a lack of remorse during the commission of the offense. As such, it was based upon the facts in evidence, and was a proper subject for argument. Appellant's eighth ground of error is overruled.

 Appellant next complains of the prosecutor's argument during the punishment phase of trial. The following exchange took place:

DEFENSE COUNSEL: I submit that you have heard from two attractive and intelligent young ladies, Kathy and Nedra Kyles, who care very much for that person, and I hope that communicates something to you in terms of their relationship and the way they know this individual, and the way they knew this individual. And it says to you that there is something in him that's worth saving, that's worth considering.

PROSECUTOR: Objection, Your Honor, there is no evidence—neither one of those people testified that there was anything in him worth saving.

THE COURT: *Objection Overruled.*

After defense argument, the prosecutor made the following statements:

One of the attorneys said—this witness got up and testified, she was a parole officer of some sort, that he was worth saving. Mrs. Ludwick stood up and said she objected to that; she didn't hear her say it. I didn't hear her say it, did you? Did any of you hear that? That is just not in evidence. She did not say it.

DEFENSE COUNSEL: Your Honor, I'll object, simply because her objection was overruled by the Court and now Mr. Walley is arguing it to the jury over the court's ruling.

THE COURT: Objection will be sustained the jury will consider the evidence as you heard it.

DEFENSE COUNSEL: Your Honor, I respectfully ask for a mistrial based upon Mr. Walley's comments.

THE COURT: Overruled.

Appellant contends that the prosecutor intentionally attempted to circumvent an evidentiary ruling by the trial court, and that a mistrial should have been granted. However, we find that the court's action in sustaining the objection and its prompt unrequested instruction to the jury was sufficient to cure the error, if any. *Anderson v. State,* 633 S.W.2d 851 (Tex.Cr.App.—1982). Appellant's ninth ground of error is overruled.

 Appellant's final ground of error contends that the prosecutor's argument during the punishment phase of trial referred to the expectations of the community for a particular result. We disagree. The prosecutor argued:

The community effect. The community effect. You'll say—You'll say—you twelve people will say what this community will stand for in this regard and not stand for. It must be obvious to you now, that you are down here on a jury. Our law and our laws protect the rights of those who are accused of a crime you have seen it operate. The rights and well being of our citizens are going to have to be protected by juries if they are protected at all. It's the only place you are going to get it. You will not find in any

law written where it says a citizen shall have this kind of right but a jury can do it. So your the ones now. Consider then the crime, the man, and what we need in this community. Do you want—do you want to encourage rapists? Do you want to let the word go out from this Courthouse this day to this community from this jury that for rapes of this sort, of the kinds of evidence you have heard in here that you are going to play one strike is out, and anybody who is so inclined to do what he did can know certainly that if they are caught and if they are convicted, they are going to get a maximum sentence, because that's what the evidence commands.

We find that this argument incorporated a proper plea for law enforcement, and was not erroneous. *Todd,* 598 S.W.2d at 297. Appellant's tenth ground of error is overruled.

Affirmed.