Lewis Edell OWEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 66973.

Court of Criminal Appeals of Texas, En Banc.

June 15, 1983.
Rehearing Denied Sept. 28, 1983.

Dick DeGuerin, Houston, for appellant.

Hunter B. Brush, Dist. Atty. and Jim Walker, Asst. Dist. Atty., Tyler, Robert

4. See footnote # 2, supra.

Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for voluntary manslaughter. The jury assessed punishment at twenty years.

In a single ground of error appellant contends the court erred in overruling his motion for mistrial "following the prosecutor's comments on the failure of the defendant to testify."

At the punishment stage of the trial the prosecutor argued:

"He [deceased] was a living breathing human being that is not here today to tell us how he feels about what happened because of Lewis Owen [appellant]. Now, in the Defendant's testimony you heard the Defense rest, they did not present any testimony to you, but in the testimony you heard this morning, I submit to you and by your verdict, you have said that he lied to you. He lied to you about that self-defense theory. He had the opportunity to come up here and say to you that he was sorry. I submit to you—"

Counsel for appellant objected to the argument as being a comment on appellant's failure to testify at the second phase of the trial. The objection was sustained and the jury was instructed to disregard the comments of the prosecutor. Appellant's motion for mistrial was overruled by the court.

The prosecutor continued with his argument as follows:

"They had the opportunity to present any evidence to you that they wished. I would submit to you that the first step in rehabilitating somebody, the first step in granting somebody probation is for him to at least say that he is sorry for what happened."

Counsel for appellant again objected, "This is clearly a second comment upon his failure to testify." The court sustained the objection, instructed the jury to disregard and overruled appellant's motion for a mistrial.

Art. 38.08, V.A.C.C.P., provides as follows:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

A prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions. *Nickens v. State,* 604 S.W.2d 101 (Tex.Cr.App.1980); *Pollard v. State,* 552 S.W.2d 475 (Tex.Cr. App.1977). The language of such a comment must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Griffin v. State,* 554 S.W.2d 688 (Tex. Cr.App.1977); *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App.1975). If the remark complained of called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed. *Myers v. State,* 573 S.W.2d 19 (Tex.Cr.App.1978).

The prohibition against a comment on the defendant's failure to testify is mandatory and the adverse effect of any reference to the accused's failure to testify is not generally cured by an instruction to the jury. *Johnson v. State,* 611 S.W.2d 649 (Tex.Cr.App.1981); *Overstreet v. State,* 470 S.W.2d 653 (Tex.Cr.App.1971).

The State urges that it was not error for the prosecutor to comment on appellant's failure to express remorse or sorrow since appellant did in fact testify at the guilt stage of the trial. Appellant testified in support of his defensive theory of self-defense. Acceptance of the State's argument would place an accused in the paradoxical position of saying I am sorry for a crime of which I am not guilty. The end result would be to deny the accused the right to enter a plea of not guilty and make applica-

tion for a probated sentence. The rationale underlying our decisions in *Brown v. State*,[1] 617 S.W.2d 234 (Tex.Cr.App.1981) and *Brumfield v. State*,[2] 445 S.W.2d 732 (Tex. Cr.App.1969) is contrary to the State's position.

The complained of arguments were direct references to what the jury had not heard the appellant say. In fact appellant had said nothing at the punishment stage of the trial, the only time when it would have been logical and relevant for him to express remorse or sorrow. We conclude that the court erred in failing to grant a mistrial based upon the prosecutor's comments.

The judgment is reversed and the cause remanded.

W.C. DAVIS, J., dissents.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

1. In *Brown*, it was held that the court erred in refusing the defendant's requested charge on defendant's failure to testify at the punishment stage, even though such a charge was given at the guilt stage.

2. In *Brumfield*, reversal resulted where the State, at the punishment stage, recalled the defendant, who had testified at the guilt stage, for cross-examination on issues which were not before the jury at the time he had taken the stand.