UNITED STATES of America, Appellee,

v.

**John P. SKANDIER,**
**Defendant, Appellant.**

**No. 84–1773.**

United States Court of Appeals,
First Circuit.

Argued March 7, 1985.
Decided April 2, 1985.

**44**

Owen S. Walker, Federal Public Defender, Boston, Mass., for defendant, appellant.

Ralph D. Gants, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before TORRUELLA and ALDRICH, Circuit Judges, and SELYA,* District Judge.

BAILEY ALDRICH, Senior Circuit Judge.

The understandable conflict between zealous advocacy and cold, total, fairness that must exist in the mind of any prosecutor anxious to win his case, more often

than one could wish proves to be an unequal combat. Regrettably the books are full of our opinions noting excesses in summations that inferentially, if not directly, comment upon, or call the jury's attention to, the defendant's failure to take the stand, or tend to diminish the government's burden of proof. Our complaints that, at the least, such conduct raises unnecessary issues for appeals seem to fall upon inattentive ears, or stimulate new, supposedly ingenious, circumlocution. Perhaps we might say deaf ears, it having been brought to our attention in the present case that the Department of Justice furnishes U.S. attorneys with a brochure of instructions that could not fail to lead them astray. Thus,

"Do not comment on [the defendant's] failure to testify.... However, you can tell the jury that evidence is 'uncontradicted' or 'unrefuted' in a nondefense case; ...." *THE CLOSING ARGUMENT* III, d(5)(a).

■ For twenty years we have held it reversible error to state baldly that the government's evidence was uncontradicted. *Desmond v. United States*, 345 F.2d 225, 227 (1st Cir.1965); *United States v. Flannery*, 451 F.2d 880, 881–82 (1st Cir.1971) and cases cited. Somewhat unhappily, in retrospect we note that our frequently finding ways to explain away, or to excuse, arguments that had better been left unsaid, *e.g.*, *United States v. Babbitt*, 683 F.2d 21, 24 (1st Cir.1982); *United States v. Savarese*, 649 F.2d 83, 86–87 (1st Cir.1981); *United States v. Hooper*, 541 F.2d 300, 306–07 & n. 9 (1st Cir.1976); and *United States v. Goldman*, 563 F.2d 501, 505 (1st Cir.1977), *cert. denied*, 434 U.S. 1067, 98 S.Ct. 1245, 55 L.Ed.2d 768 (1978), may, cumulatively, have given more comfort than they should have. The principle against such comment remains, decisions in other circuits as well clearly show that the brochure is erroneous. *E.g.*, *Raper v. Mintzes*, 706 F.2d 161, 164–67 (6th Cir. 1983); *United States v. Buege*, 578 F.2d 187, 188–89 & n. 1 (7th Cir.1978), *cert.*

*denied,* 439 U.S. 871, 99 S.Ct. 203, 58 L.Ed.2d 183 (1978); *Runnels v. Hess,* 653 F.2d 1359, 1361–63 (10th Cir.1981). *Cf. United States v. Sanders,* 547 F.2d 1037, 1042–43 (8th Cir.1977) ("undenied"), *cert. denied,* 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273.

Another Department misguidance, (*Id.* (5)b), the prosecutor's seeming guide in the case at bar,

"Under some circumstances you may want to force the defendant to answer the 'hard questions' if they exist. For example,

(1) 'How can counsel explain ...?

(2) 'How can counsel explain away ...?

(3) 'How will counsel explain ...?"

█ Following these instructions, or on his own, the assistant U.S. attorney in the case at bar concluded his argument as follows.

"Now, at this time the defense counsel will address you; and at the close of his testimony, (sic) I will have a chance to speak with you one more time and see if he can explain the story that would be any different with regard to the responsibility of the defendant in this case.

"So I submit to you that he cannot."

Upon defense counsel seeking to approach the bench, the court said,

THE COURT: "It's not necessary.

Members of the jury, the defendant has no burden of proof in a criminal case. Only the Government has the burden, and it is the Government's burden, as I will explain to you, to prove his guilt beyond a reasonable doubt.

"He does not have to prove anything."

This instruction, together with a case we decided only two months ago, demonstrate that the "how-does-he-explain" argument's impropriety is double barrelled. In *United States v. Cox,* 752 F.2d 741, 745 (1st Cir. 1985), we had occasion to point out that this argument was "a fairly severe violation of" *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965) as constituting forbidden com-

ment upon the defendant's failure to testify. Admittedly *Cox* was decided subsequent to the trial in the case at bar. However, *United States v. Wilkins,* 659 F.2d 769, 774 (7th Cir.1981), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 681, 70 L.Ed.2d 646, was not. *Wilkins,* also, stated that the prosecutor's summation that the government's theory was the "only explanation," and, "See if [defendant's] attorney explains why his client was in that car," is, in effect, comment on defendant's failure to testify. *See also United States v. Barton,* 731 F.2d 669, 673–74 (10th Cir.1984). The district court here properly corrected the other barrel, the comment's improper shift of the burden of proof, but failed to give the immediate Fifth Amendment response that *Flannery* requires.

In fairness, the district court's spontaneous interpretation is understandable, and we will not be critical. And, of course, ultimately in the charge the court fully instructed the jury as to the defendant's failure to testify, as well as the government's burden of proof.

Of still greater importance, we held in *Cox,* overruling *Flannery* in this regard, 451 F.2d at 882, as required by *United States v. Hastings,* 461 U.S. 499, 508–12, 103 S.Ct. 1974, 1980–82, 76 L.Ed.2d 96 (1983), that the harmless error rule applies. On that basis a review of the present record satisfies us that the error was, indeed, harmless.

Although we do not reverse, we cannot avoid repeating that resort to the harmless error rule has unhappy consequences. If every time the cat complains because junior has pulled its tail father says, "Don't do that again," but does nothing further because the cat appears unharmed, Dr. Spock and others would say that this is not good, for either junior or the cat. We do not propose to apply the harmless error rule with liberality, finding it better that a possibly undeserving defendant obtain a new trial, than that we must constantly police prosecutors. Their persistence is well illustrated in the case at bar. Because in *Cox* the prosecutor asked, "How does [defend-

**46**

ant] explain ...?" and here asked, "See if [counsel] can explain ...?" what was a "fairly severe violation" becomes, in the prosecutor's mind, "not even remotely ... a comment on the defendant's failure to testify," but merely an "inartfully worded remark." How inartful, let alone "undeliberate" in view of the Department's brochure, calls for no comment. Surely counsel and the defendant are one. As the *Wilkins* case noted, their single difficulty is the lack of explanatory testimony.

This is not to say, if counsel's argument affirmatively pointed to the absence of a logical witness other than the defendant, and left no inference pointing to defendant, that there would be error, but the burden here is on the prosecutor. *E.g., Desmond v. United States*, 345 F.2d at 227.

Finally, we remind prosecutors that in spite of the harmless error rule, egregious misconduct in argument, as we said in *Cox*, 751 F.2d at 746, may have a fatal effect.

■ Unfortunately for defendant, the great weight of the evidence against him also renders non-prejudicial the court's error in failing to give the standard instruction that the testimony of an accomplice is to be scrutinized with particular care. The need for this instruction does not disappear, as the government would have it, because the witness denied that he was an accomplice. On the evidence, the jury could readily have found that he was. The instruction should have been given, tied to the jury's resolution of that question. *See, e.g., Phelps v. United States*, 252 F.2d 49, 52 (5th Cir.1958); *United States v. Simmons*, 503 F.2d 831, 837 (5th Cir.1974). *But see United States v. Wright*, 564 F.2d 785, 788 (8th Cir.1977) (seemingly court decides whether witness is an accomplice). However, we will not reverse for this failure in light of the abundant tangible evidence confirming the witness's account of defendant's guilt. *United States v. Fortes*, 619 F.2d 108, 124–25 (1st Cir.1980).

Defendant's complaint about the handwriting requires no comment.

Affirmed.