Clyde Conway JONES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 567–84.

Court of Criminal Appeals of Texas,
En Banc.

June 12, 1985.

Robert Underwood, Carthage, for appellant.

John S. Walker, Dist. Atty., and Mike Parker, Asst. Dist. Atty., Carthage, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was tried and convicted before a jury in Panola County for the offense of

aggravated assault under V.T.C.A., Penal Code Sec. 22.02 and the jury assessed appellant's punishment at 8 years' confinement in the Texas Department of Corrections.

Appellant raised four grounds of error on appeal. Among them he claimed that the assistant district attorney interjected reversible error into the trial by commenting, in his final argument to the jury, on the appellant's failure to testify during the punishment phase of the trial.

In an unpublished per curiam opinion, the Court of Appeals in Texarkana affirmed appellant's conviction. The court ruled that the assistant district attorney's remarks did not constitute reversible error. The court below overruled the remaining grounds of error. Appellant's motion for rehearing was subsequently overruled.

In his petition for discretionary review, appellant presents to us as ground of review the contention that the trial court erred by not finding the assistant district attorney's remarks to be a comment on the appellant's failure to testify. We agree with the court below and overrule appellant's ground of review.

At the guilt/innocence phase of the trial, appellant testified that he had acted in self-defense, and gave his version of the events that led to his arrest. At the punishment phase of his trial he offered no testimony. During jury argument at this phase of the trial, the assistant district attorney remarked "The defendant hasn't indicated any remorse." Counsel for the defense objected to the remark as being a comment on the defendant's failure to testify and thus an improper jury argument in contravention of both the state and federal constitutions. U.S. Const., Amend. V; Tex. Const. Art. I, Sec. 10. The trial court sustained his objection and instructed the jury to disregard. The trial court denied appellant's request for a mistrial.

■ Article 38.08, V.A.C.C.P., prohibits comment on an accused's right to remain silent and his failure to testify. Both the state and federal constitutions have estab-

lished this right. See U.S. Const., Amend. V, Tex. Const. Art. I, Sec. 10. The right of an accused party to be free from the fear of compelled self-incrimination and to remain silent is a vital protection which our society provides a citizen accused of a criminal offense. This personal right cannot in any way be abridged and any claim made by the appellant that this right has been denied him cannot be lightly dismissed. *Stanford v. Texas,* 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965). It has often been said that the prohibition against commenting on a defendant's silence at trial is mandatory, see Art. 38.08, V.A.C.C.P., and thus rarely cured by instruction. *Bird v. State,* 527 S.W.2d 891, 894 (Tex.Cr.App. 1975); *Overton v. State,* 470 S.W.2d 653, 655 (Tex.Cr.App.1971). The appellant cites the case of *Owen v. State,* 656 S.W.2d 458 (Tex.Cr.App.1983) to further support this argument.

■ In order for the argument of the state's attorney to violate this right, the language used must be looked at from the standpoint of the jury. The implication that counsel's argument referred to the accused's failure to testify must be clear. It is not sufficient that the language *might* be construed as an implied or indirect allusion thereto. *Ramos v. State,* 419 S.W.2d 359, 367 (Tex.Cr.App.1967); *Overton v. State,* supra 470 S.W.2d at 655; *Koller v. State,* 518 S.W.2d 373, 375 (Tex.Cr.App. 1975).

This Court discussed this theory in *Bird v. State,* supra 527 S.W.2d at 894. This Court held:

"The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. See *McDaniel v. State,* supra; *Koller v. State,* supra; *Chapman v. State,* 504 S.W.2d 912 (Tex.Cr.App.1974). In applying this test, the facts and circumstances of each case must be analyzed to determine whether the language used was of such character."

The Fifth Circuit Court of Appeals has addressed this issue also. That court held in *Davis v. United States*, 357 F.2d 438, 441 (5th Cir.—1966):

"It is important to observe that the rule does *not prohibit all comment on testimony or evidence which stands uncontradicted*, and the right to make such statements is well established...."

" 'The facts and circumstances of each case must be carefully analyzed to determine "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." ' "

■ In light of the above authority, we find that no error occurred, and if there was an error, it was harmless in nature.

The entire statement in question in this case reads as follows:

" '... the defendant hasn't indicated any remorse. [here the defendant's attorney objected to the remark. His objection was sustained. The court then instructed the jury 'that any argument of counsel is not evidence in this case. It is not to be considered as evidence and you are to disregard the statement made by counsel for the state in regards to showing of remorse.' Counsel for the defense then asked for a mistrial which was overruled.] Ladies and Gentlemen, the Charge would show you can consider all of the evidence that you have heard before in the guilt innocence phase as well as this phase. The defendant was on the stand. He said, he admitted that he went out there. Dorothy Jones was shot. He admitted that he blamed her for him not having the farm. He told you that he would do anything to get that farm back. He said he would kill for it under the right situation.' "

The statement was intended to reflect upon what the appellant had testified about at the guilt or innocence portion of the trial. As such we cannot find that the language was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify at punishment. The appellant urges us to accept *Owen v. State, supra,* as controlling authority in this case. While the similarities appellant alludes to are well taken, there is an important distinction between *Owen* and the instant case. In *Owen* there was no question that the prosecutor's remarks were manifestly intended to be a comment on the accused's failure to testify. In the punishment phase of the *Owen* case, the prosecutor said:

" 'He [deceased] was a living breathing human being that is not here today to tell us how he feels about what happened because of Lewis Owen [appellant]. Now, in the Defendant's testimony you heard the Defense rest, they did not present any testimony to you, but in the testimony you heard this morning, I submit to you and by your verdict, you have said that he lied to you. He lied to you about that self-defense theory. *He had the opportunity to come up here and say to you that he was sorry.* I submit to you—' "

After a sustained objection the prosecutor continued in this vein, saying:

"... I would submit to you that the first step in rehabilitating somebody, the first step in granting somebody probation is for him to at least say that he is sorry for what happened."

There is no question the jury "would naturally and necessarily take this to be a comment on the failure of the accused to testify." These factors are simply not present in the instant case. Here the prosecution's comments are simply not of the same uncompromising and unequivocal nature. The intent shown by the state's attorney in *Owen* was manifest and subject to no redeeming action. The jury could naturally and necessarily interpret the remarks in *Owen* only as being made in reference to the accused's failure to take the stand.

■ Furthermore, the appellant made a timely objection and an instruction to disregard the comment was given to the jury. Unlike the *Owen* case, supra, this was not a case where the prosecution made continu-

ous and repeated impermissible remarks which were not subject to cure through proper and timely instruction. In this case the remark was made and objected to, and subsequently a jury instruction was given to disregard the comment. The prosecutor resumed his argument commenting only about statements made previously by the appellant at the guilt or innocence stage of the trial.

As in *Johnson v. State*, 583 S.W.2d 399, 408 (Tex.Cr.App.1979), we do not believe that the argument was such that the jury would or could not follow the instruction of the trial judge. This Court stated in *Ramos v. State*, 419 S.W.2d 359 (Tex.Cr.App. 1967):

"... even if the argument did constitute a comment on appellant's failure to testify in violation of his federal constitutional rights, we conclude the same is harmless error, finding beyond a reasonable doubt that it might [not] have contributed to appellant's conviction...."

We find this reasoning to be applicable to this case. This conclusion is supported by the decision of the United States Supreme Court in *Chapman v. California*, 386 U.S. 18, 20, 87 S.Ct. 824, 826, 17 L.Ed.2d 705, 708 (1967). In that case the Court held that even when an error has, as alleged here, constitutional implications, that it may still be harmless in nature and require no reversal.

We conclude that the argument viewed in its entirety can most reasonably be interpreted as a comment not on the appellant's failure to testify during punishment, but upon his testimony in the guilt/innocence phase of the trial. We further hold that if an error was made that it was harmless error, subsequently and effectively cured by the trial judge's instruction to the jury.

For the reasons stated above, we affirm the judgment of the Court of Appeals.

TOM G. DAVIS, MILLER and CAMPBELL, JJ., concur in the result.

CLINTON, Judge, dissenting.

Though appellant testified during the first stage of trial, he did not during the punishment phase. Nevertheless, during his opening argument to the jury on punishment the prosecutor asserted: "[T]he defendant hasn't indicated any remorse." Counsel for appellant promptly objected; the trial judge *sustained* his objection. Counsel then requested an instruction to the jury; the judge *instructed* the jury not to consider the comment. Counsel moved for a mistrial; the judge *denied* his motion.

In my view neither the majority of this Court nor the court of appeals has focused on the only issue in the cause: whether the trial court erred in denying appellant's motion for mistrial.

On direct appeal appellant contended in his first ground of error, according to the court of appeals, that the occurrence constituted "reversible error." Looking beyond the assertion by the prosecutor, the objection and request by appellant and the rulings of the trial court, to remarks made by the prosecutor following them (quoted in the majority opinion herein), the court of appeals believed "the statement reasonably may be interpreted, not as a comment on one's failure to testify at the punishment stage, but to his *attitude* while previously testifying."[1] Accordingly, the court concluded, "That fact, together with the sustaining of the objection and the instruction to the jury, leads us to the conclusion that *reversible error* was not committed."

We granted appellant's petition for discretionary review to consider the reason for decision of the court of appeals to overrule the first ground of error. The majority says that his ground for review presents "the contention that the court erred by not finding the [prosecutor's] remarks to be a comment on appellant's failure to testify." Actually the ground for review claims a conflict with applicable decisions of this Court in the holding below "that the prosecutor did not commit *reversible error* by commenting on the appellant's failure to

---

1. All emphasis is mine unless otherwise indicated.

testifying [sic] in his own behalf." [2] In the event, in essence the majority comes to the similar conclusions as the court of appeals.

Both ignore rulings of the trial court, or at least do not give any effect to them. Having heard the assertion by the prosecutor and the objection by appellant, the judge obviously agreed that the prosecutor had commented on appellant's failure to testify—during hearing on punishment, for appellant had testified at trial on the merits—and SUSTAINED the objection. Moreover, when requested to instruct the jury to disregard that assertion, the judge just as obviously believed that "the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify at punishment," for he instructed jurors not to consider the comment of the prosecutor.[3] Those judgments should not be rejected *sub silentio* by an appellate court in order to substitute its own "interpretation" of what an attentive trial judge heard and saw—and did.

Outlining the abstract law, at one place the majority opinion says "the language used must be looked at from the standpoint of the jury," yet when it comes to look at the actual language the majority says, "The statement was *intended* to reflect upon what the appellant had testified about at the guilt or innocence portion of the trial." The court of appeals ·saw it as a comment on appellant's "attitude" while testifying. The prosecution itself has perceived it to be a reference to lack of remorse during commission of the offense, see *ante;* in its brief on the merits in this Court the prosecution still does, *viz:*

> "The remark of the prosecutor when taken in the context in which it was made strongly suggests that the comment was ... a reference to the evidence concerning the facts and circumstances of the offense which was already properly before the jury."

Indeed, the prosecution disavows the very "interpretation" made by the court of appeals and the majority of this Court, *viz:*

> "... The reference to the defendant's lack of remorse *did not refer to his lack of remorse at trial* but rather a lack of remorse which would necessarily have compelled the defendant to abandon his course of conduct of threatening and harassing his eventual victim. This lack of remorse was central to the State's case in chief, and as such was properly the subject of consideration by the jury."

None of those "interpretations" or explanations conceived in hindsight undertake to refute the judgments of the trial judge

---

2. In his brief on the merits appellant has rephrased the ground somewhat, but in the body of his argument he iterates much of what was set out in his petition, including *inter alia:*

> "On appeal the Court of Appeals held that such argument made by the prosecutor was not reversible error. The Court of Appeals stated the statement was not a comment on Appellant's failure to testify at the punishment hearing but on Appellant's attitude while previously testifying."

In his petition appellant points out that the interpretation of the court of appeals is "in direct conflict with the position of the prosecuting attorney," and therein and again in his brief appellant notes that the State had cited *Johnson v. State,* 651 S.W.2d 434 (Tex.App. Dallas 1983), "to support the contention that the prosecutor was referring to Appellant's lack of remorse *during the commission of the offense* [emphasis by appellant] not Appellant's attitude." Accordingly, appellant submits that "the Court of Appeals erred in affirming the trial court's failure to grant a mistrial," and then proceeds to devel-

op his claimed conflict with decisions of this Court.

3. As an aside I note that the court of appeals relied on *Hawkins v. State,* 660 S.W.2d 65 (Tex. Cr.App.1983), and what is quoted above from the majority opinion in the case at bar comes almost word for word from *Hawkins,* supra, at 79. However, *Hawkins* says the rule is that "for such a comment to be error, it must be direct and *not an indirect allusion* which might refer to the accused's failure to testify." *Ibid.* On the other hand, in *Lee v. State,* 628 S.W.2d 70 (Tex. Cr.App.1982), the prosecutor had asserted, "The only person that knows the motive of what he was doing with this gun is that man," and "the motive is known only in the mind of the defendant;" the Court said, "For an *indirect allusion* to or comment on a defendant's failure to testify to be reversible error, the prosecutor's implication must be a necessary one as viewed by the jury." Analyzing the situation, the *Lee* Court concluded that the argument was "an *improper allusion* to and a comment on the appellant's failure to testify." *Id.,* at 71.

charged with looking at the prosecutor's assertion from the standpoint of the jury.[4]

For the reasons given and because the majority fails to show any "distinction" in substance with *Owen v. State*, 656 S.W.2d 458 (Tex.Cr.App.1983), I respectfully dissent.

TEAGUE, Judge, dissenting.

The majority opinion states, inter alia: "The [complained of argument, which is set out in the majority opinion,] was intended to reflect upon what the appellant had testified about at the guilt or innocence portion of the trial. As such we cannot find that the language was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify at punishment." I disagree.

In its unpublished opinion, that rejected appellant's contention that the complained of argument was a comment on his failure to testify, in violation Art. 38.08, V.A.C. C.P., the Texarkana Court of Appeals held that "the statement [of the prosecuting attorney] reasonably may be interpreted, not as a comment on Jones' [the appellant's] failure to testify at the punishment stage, but to his *attitude* while previously testifying ..." [My Emphasis]. I also disagree with this statement.

In *Dickinson v. State*, 685 S.W.2d 320 (Tex.Cr.App.1984), this Court recently held that the prosecuting attorney's argument at the punishment stage of the trial in that cause, namely, "You haven't seen one iota of remorse, one iota of shame [from the defendant]," "constituted [an] indirect comment on the appellant's failure to testify." (324). This Court further held: "[F]or us to approve the argument that was made by one of the prosecuting attorneys would amount to permitting jurors to infer lack of remorse from the exercise by the appellant of his constitutional right to remain silent.

We decline to approve the argument on the specious ground that it only went to appellant's demeanor in the courtroom."

Because I am unable to approve the complained of argument that was made in this cause, that appellant had not "indicated any remorse," on the specious ground that based upon the entire argument, and taken in context, the above complained of argument was only intended to reflect upon what the appellant had testified about at the guilt or innocence stage of the trial, I must respectfully dissent. To approve what the prosecuting attorney argued in this cause is to erroneously reward him for devising a way to avoid what this Court has stated and held to the contrary in *Dickinson v. State*, supra; *Owens v. State*, 656 S.W.2d 458 (Tex.Cr.App.1983); *Thomas v. State*, 638 S.W.2d 481 (Tex.Cr.App.1982), and *Elkins v. State*, 647 S.W.2d 663, fn. 7 (Tex.Cr.App.1983). Also see *Garrett v. State*, 632 S.W.2d 350 (Tex.Cr.App.1982), which traces the history of prosecuting attorneys attempting to circumvent the rule against commenting on the defendant's failure to testify by devising ways to get around the prohibition. See and cf. *Hawkins v. State*, 660 S.W.2d 65 (Tex.Cr.App. 1983), in which this Court patently approved the prosecuting attorney's jury argument, that the jurors had not seen any showing of remorsefulness by the defendant. However, this holding was clarified by this Court in *Dickinson v. State*, supra.

I believe that the majority opinion actually amounts to this Court, *sub silentio*, overruling many, many past decisions of this Court, as well as placing its seal of approval on a prosecuting attorney creating an ingenious device to make an impermissible comment on a defendant's failure to testify and on his exercise of his constitutional right to remain silent. Also see *Brown v. State*, 617 S.W.2d 234 (Tex.Cr. App.1981) ("The mere finding of guilt does not terminate the privilege against self-in-

---

**4.** This is not to suggest that an appellate court is necessarily bound by a what amounts to a finding of a trial judge in sustaining an objection to and instructing a jury to disregard an assertion or comment made in jury argument; instead, it

is to say that an appellate court at least ought to examine that finding for verity rather than disregard it completely in a rush to resort to and substitute its own "interpretation."

**412**

crimination ... [T]he privilege ceases only when liability to punishment no longer exists ...")

I am also compelled to dissent to the majority's holding that if there was error it was harmless error because of the trial court's instruction to the jury.

The test, however, to determine whether the error is harmless, is not whether a conviction could have been had without the improper argument, or whether the punishment that was actually assessed might not have been assessed, but, instead, is whether there is a reasonable possibility that the argument complained of might have contributed to or affected the jury's finding the accused guilty or the punishment that the jury assessed. In this instance, I will agree that the error might have been harmless as to the guilt stage of the trial. However, I am unable to agree that as to the punishment assessed the error was harmless beyond a reasonable doubt. See and cf. *Garrett v. State*, 632 S.W.2d 350, 353–354 (Tex.Cr.App.1982). Thus, this is another reason I am compelled to dissent.

In closing, I am compelled to state, as the First Circuit Court of Appeals recently did in *United States v. Skandier*, 758 F.2d 43 (1st Cir.1985), that this Court will in the near future realize that its "frequently finding ways to explain away, or to excuse, arguments that had better been left unsaid ... may, cumulatively, have given more comfort [to some members of the prosecution bar] than they should have."

For all of the above and foregoing reasons, I respectfully dissent to the majority opinion approving the complained of jury argument that was made by the prosecuting attorney in this cause.