Florencio HINOJOSA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–88–467–CR to 13–88–470–CR.

Court of Appeals of Texas,
Corpus Christi.

March 8, 1990.
Rehearing Overruled May 31, 1990.

Larry Warner, Austin, for appellant.

Ben Euresti, Jr., County Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of four counts of aggravated sexual assault. The trial court assessed punishment for each offense at twelve years' confinement in the Texas Department of Corrections. Appellant raises thirty-one points of error. We affirm the trial court's judgment.

By four indictments, each alleging a different date for commission of the offense, the State alleged that appellant "unlawfully, intentionally and knowingly cause[d] the penetration of the FEMALE SEXUAL ORGAN of [A.L.R.], the victim, a child then and there younger than fourteen years of age and not the spouse of the Defendant, by means of DEFENDANT'S SEXUAL ORGAN." A.L.R. testified that during the times in question, appellant committed the alleged offenses. The defense showed that appellant did not sexually abuse his own children which he fathered during a previous marriage. The defense also showed that appellant was not a violent person.

■ By points of error one, two, fourteen, fifteen, twenty-six, twenty-seven, thirty and thirty-one, appellant complains the State indulged in improper jury argument. In each instance, appellant failed to make a timely objection and is complaining of the alleged errors for the first time on appeal. Generally, jury argument error is waived by the accused's failure to object or request an instruction to disregard. *Briddle v. State,* 742 S.W.2d 379, 390 (Tex.Crim. App.1987), *cert. denied,* — U.S. —, 109 S.Ct. 543, 102 L.Ed.2d 573 (1989). An exception arises, however, where the argument is so prejudicial that an instruction to disregard would not have cured the harm. *Romo v. State,* 631 S.W.2d 504, 505 (Tex. Crim.App.1982); *see also Montoya v. State,* 744 S.W.2d 15, 37 (Tex.Crim.App. 1987), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988) (holding that the prejudicial effect of a direct reference to an accused's failure to testify normally cannot be cured by an instruction to disregard). In other words, unless the prosecutor's argument was so prejudicial that an instruction to disregard could not have removed its ill effects from the jury's mind, reversal will not result.

■ By points one, two and fifteen, appellant contends the State commented on his failure to testify. It is a violation of both our State and federal constitutions for a prosecutor to comment on an accused's failure to testify. *Jones v. State,* 693 S.W.2d 406, 407 (Tex.Crim.App.1985); *Garrett v. State,* 632 S.W.2d 350, 351 (Tex. Crim.App.1982). In addition, Tex.Code Crim.Proc.Ann. art. 38.08 (Vernon 1979) expressly prohibits a prosecutor from alluding to or commenting on an accused's failure to testify. *Owen v. State,* 656 S.W.2d 458, 459 (Tex.Crim.App.1983).

■ In evaluating a prosecutor's argument to determine if it was a comment on the accused's failure to testify, the language used must be viewed from the jury's standpoint. *Jones,* 693 S.W.2d at 407. The implication of the language used must be plain. It is not enough that it might be construed as an indirect reference to the accused's silence. *Banks v. State,* 643 S.W.2d 129, 134 (Tex.Crim.App.1982); *Todd v. State,* 598 S.W.2d 286, 294 (Tex.Crim. App.1980).

■ The test to be employed is whether the language used was manifestly intended or characterized in such a way that the jury would naturally and necessarily take it to be a comment on the accused's

failure to testify. *Jones*, 693 S.W.2d at 407; *Owen*, 656 S.W.2d at 459; *Banks*, 643 S.W.2d at 134. This test must be applied to the facts and circumstances of each case. *Jones*, 693 S.W.2d at 407; *Dickinson v. State*, 685 S.W.2d 320, 323 (Tex. Crim.App.1984). Further, if the remark called the jury's attention to the absence of evidence that only appellant's testimony could supply, the conviction must be reversed. *Angel v. State*, 627 S.W.2d 424, 426 (Tex.Crim.App.1982).

The evidence shows that on January 29, 1986, A.L.R. informed police that she was being sexually abused. A day or two later, appellant was arrested on one charge of aggravated sexual assault. He was released. From August 1986, to August 1987, Officer Perez made several attempts to serve appellant with four warrants pertaining to the indictments. In April, 1988, Perez made an unsuccessful attempt to locate appellant. He was unaware, however, that appellant had been re-arrested in January, 1988. In its final summation, the State made the following remarks:

> "I wasn't running for two years." *Then where were you?* He was arrested. He was told he was charged with something. The indictments were filed and he knew about it. *Where was he for two years?* He got a speeding ticket. He gave a fake address. He says, "I'm not running from anybody." We all know better. Use your common sense. I know you will do that. (emphasis appellant's).

Earlier, defense counsel had argued the following:

> But be that as it may, he [appellant] left later on and he was still brought to court. He was still hunted. He was still looked for. Regardless, he never ran from anybody. He came in when he was supposed to come in. In fact, we showed on the witness stand there that he did come in for a citation. He paid for the citation and went off. He thought everything was okay. He never thought nobody had done him wrong.
>
> But I want you to consider the fact that this man never ran anywhere because if he felt he would have done wrong, he would have run, he would have gone, he would have hid, but he never did that. The evidence shows he lived here in Brownsville and he lived in Port Isabel. The evidence shows that he was called or rather his mother-in-law and asked where is he and she said that he was working down there and they went and got him. He didn't run. He never did.

■ It is important to keep in mind that every alleged error must be viewed in the context of the entire argument, *Mosley v. State*, 686 S.W.2d 180, 183 (Tex.Crim.App. 1985), and that isolated sentences taken out of context may take on a meaning different from that understood by the jury. *See Henson v. State*, 683 S.W.2d 702, 704 (Tex. Crim.App.1984). In looking at the entire argument and not taking an isolated sentence out of context, we conclude that the State's remarks, when viewed from the jury's standpoint, were not manifestly intended or characterized so that the jury could necessarily and naturally see the language as a comment on appellant's failure to testify. *See Jones*, 693 S.W.2d at 407; *Owen*, 656 S.W.2d at 459; *Banks*, 643 S.W.2d at 134. The State merely responded to defense counsel's remarks that if appellant would have done something wrong, "he would have run, he would have gone, he would have hid, but he never did that." The evidence supports the State's comments that appellant's whereabouts were unknown.

■ By point of error fourteen, appellant complains the trial court erred by allowing the prosecutor to refer to an extraneous offense by saying, "Where was he for two years?" Our law requires that jury argument by the State must fall into one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to defendant's argument, and (4) plea for law enforcement. *Briddle*, 742 S.W.2d at 389. Even when an argument exceeds the permissible bounds of these areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is

extreme or manifestly improper, violative of a mandatory statute, or injects new facts that are harmful to the accused into the proceedings. *Everett v. State*, 707 S.W.2d 638, 640 (Tex.Crim.App.1986); *see Johnson v. State*, 649 S.W.2d 111, 118 (Tex. App.—San Antonio 1983), *aff'd*, 662 S.W.2d 368 (Tex.Crim.App.1984) (reversible error occurred when the prosecutor engaged in argument concerning an extraneous offense despite the lack of an objection).

■ In the instant case, the prosecutor's argument does not constitute reversible error. As we concluded in points of error one, two and fifteen, the prosecutor was merely responding to defense counsel's remarks. The argument was not improper. It did not inject new and harmful facts or violate the mandatory statutory provision.

By point of error twenty-six, appellant complains the trial court erred by allowing the prosecutor to inject "harmful, unsworn testimony before" the jury. The complained-of argument is as follows:

> She's [the victim] not making it up. There is no motive. I can't find a motive. I don't know what the motive is.

■ The complained-of argument may have been error, but not reversible error. Our Court of Criminal Appeals has held that it is improper for a prosecutor to bolster the truthfulness of his witnesses. *Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim.App.1981). An instruction to disregard, however, may cure bolstering when it appears in final argument. *Simons v. State*, 648 S.W.2d 21, 23 (Tex.App.—Dallas 1983, no pet.). This argument is not so inflammatory that its prejudicial effect could not be reasonably removed from the minds of the jurors by an instruction to disregard.

■ By point of error twenty-seven, appellant complains the trial court erred by allowing the State to make the following "manifestly improper and harmful" jury argument:

Ladies and Gentlemen of the Jury, don't let your eyes be covered, don't let him [defense counsel] pull the wool over your eyes.

In this instance, the prosecutor's comments were in response to the argument of appellant's theory of the commission of the sexual assaults. In presenting their defense, appellant's counsel contended that the allegations were not true. He questioned the motive behind the allegations. Appellant's counsel attempted to show that a friendship existed between A.L.R.'s mother, Margarita Hinojosa, and one of the investigating officers, I.C. Rojano. The prosecutor's argument advises the jury not to believe appellant's theory of the case. We hold that when these comments are viewed in context of all of the evidence and the argument of counsel as a whole, no reversible error is committed.[1]

■ By points of error thirty and thirty-one, appellant complains that the prosecutor stated to the jury that "I'm the one innocent man, not one of those hundred guilty ones." The complained-of argument came at the conclusion of the following argument:

> What is this bit about a relationship with the mother and [Officer] Rojano? Put them on trial. Well, I've had enough. I don't know if he was trying to show the motive that they had something against him and Rojano got together with the kid [victim] and said, "Let's make a story up." But friendship went deep enough where three or four weeks before he [appellant] had been in jail and the mother took him out. She dropped the charges. Rojano helped him out and brought him back to the house. But now that he's gotten out of jail he's trying to put somebody else on trial and direct attention from him. "Let's put my wife and put Rojano on trial and let's make it seem that they are together, that they got together with my little girl, with my

1. We note that this case is not one where the prosecutor accuses defense counsel of manufacturing evidence, lying to the jury, or suppressing evidence. The Court of Criminal Appeals has held that such comments do constitute reversible error. *Bell v. State*, 614 S.W.2d 122 (Tex. Crim.App.1981). *See also Carrillo v. State*, 591 S.W.2d 876 (Tex.Crim.App.1979) and cases cited therein.

stepchild who hates me, and now I'm the victim. I'm the one innocent man, not one of the hundred guilty ones."

We have reviewed the prosecutor's argument and do not find it to be so highly prejudicial that it could not have been cured by an objection and instruction from the trial court. *Romo*, 631 S.W.2d at 505–06. The error, if any, is deemed waived.

By point of error three, appellant complains the trial court erred by "arraigning" him on the four indictments in the jury's presence. In the jury's presence, the four indictments were read to appellant, and on appellant's behalf, defense counsel entered a plea of not guilty to each charge.

■ Appellant confuses the arraignment process with the first step in a criminal trial. After the impanelment of the jury, the charging instrument is read to the jury by the prosecuting attorney. Tex. Code Crim.Proc.Ann. art. 36.01(a)(1) (Vernon Supp.1989). This is a mandatory requirement, and the failure to comply with it may constitute reversible error. *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Crim. App.1985); *Richardson v. State*, 763 S.W.2d 594, 595 (Tex.App.—Corpus Christi 1988, no pet.). The purpose of reading the accusation before the jury is to inform both the accused and the jury of the charge being brought against the accused. *Warren*, 693 S.W.2d at 415; *see also Lara v. State*, 740 S.W.2d 823, 828 (Tex.App.— Houston [1st Dist.] 1987, pet. ref'd). After the charging instrument is read to the jury, a plea must be entered on the accused's behalf. Tex.Code Crim.Proc.Ann. art. 36.-01(a)(2) (Vernon Supp.1989).

■ An arraignment, on the other hand, is a procedure to determine the identity and the plea of the person charged. Tex.Code Crim.Proc.Ann. art. 26.02 (Vernon 1989). In the instant case, the trial judge never determined appellant's identity during the complained-of procedure. We therefore conclude that the complained-of procedure did not amount to an arraignment; rather, this procedure was a necessary step in the trial process. *See* Tex. Code Crim.Proc.Ann. art. 36.01(a)(1) and (2) (Vernon Supp.1989).

■ By point of error four, appellant contends the trial court erred in receiving evidence of an extraneous offense. During its opening statement, the State remarked:

This individual [appellant] was arrested on the 26th day of January. Bond was made. The case was set for trial. First of all, it was set for arraignment. Nobody shows up. I'll bring in Officer Nat Perez who will testify that during that year from August of '86 through August of '87 he was what's called the warrants officer for the Brownsville Police Department. He was in charge of arresting these people with outstanding warrants out on them. They have to be arrested because an arrest warrant was issued out of this court for this defendant.

He will testify on the numerous times—

At this point, defense counsel objected on the grounds that "We are getting outside the premises of the indictment. Is that part of the indictment or is that to come later?" The trial court overruled the objection. Appellant argues the trial court received the extraneous offense of bond jumping. Appellant's trial objection, however, does not comport with his point of error raised on appeal. Therefore, nothing is preserved for our review. *Drew v. State*, 743 S.W.2d 207, 220 (Tex.Crim.App. 1987).

■ By points of error five through thirteen, sixteen, twenty through twenty-five and twenty-nine, appellant complains the trial court admitted hearsay testimony, permitted the State to bolster the testimony of certain witnesses, and admitted evidence of extraneous offenses. Appellant, however, voiced no objection to these alleged errors and has, therefore, preserved nothing for our review. Tex.R.App.P. 52(a); Tex.R.Crim.Evid. 103(a)(1).

■ By points of error seventeen, eighteen and nineteen, appellant contends the trial court erred by excluding evidence tending to establish ill-feelings, bias, motive and animus. In *Coleman v. State*, 545 S.W.2d 831, 833–34 (Tex.Crim.App.1977), our Court of Criminal Appeals explained

that the animus, motive, or ill-will of a prosecuting witness who testifies against the accused is never a collateral or irrelevant inquiry, and the accused may show by himself, or by others if necessary, why the witness is unfriendly toward him. It is not necessary that a predicate be laid that the witness himself is biased toward the accused before evidence which would create this bias is introduced. The reasoning behind this rule is simply that wide latitude should be allowed the accused in showing any fact which would tend to establish ill-feeling, bias, motive and animus upon the part of any witness testifying against him. The jury should be given the opportunity to judge for themselves the witness's credibility in light of his feelings toward the accused.

Our Court of Criminal Appeals allows legitimate exploration of those matters indicating the friendship or leaning of witnesses, and those associated with them, toward any party or issue involved. *Gunn v. State*, 252 S.W. 172, 178 (Tex.Crim.App. 1922). All facts going or tending to show mental bias, interests, prejudice, or any other motive, or mental state, or status of the witness, which, fairly considered and construed, might even remotely tend to affect his credibility, should be admitted. *Green v. State*, 111 S.W. 933, 935 (Tex. Crim.App.1908). There can be no doubt that it is always permissible, in every case where it can be shown by competent evidence, to make proof of the hostile attitude of any witness in respect to any party or any cause before the court. Such evidence is clearly admissible for the purpose of affecting the credibility of witnesses and the weight of their testimony. *Burnett v. State*, 53 Tex.Crim. 515, 112 S.W. 74, 79 (1908).

By point of error seventeen, appellant contends that a "love note," allegedly written by Officer I.C. Rojano to A.L.R.'s mother, Margarita Hinojosa, was wrongfully excluded from evidence. During Hinojosa's cross-examination, defense counsel showed her a type-written note. The note was addressed to "Maggie" and included the letters "I.C." at the bottom. Hinojosa tes-

tified that she did not know who wrote the note, and that she did not remember the note. She did say that she knew I.C. Rojano. She also said the note appeared to be addressed to her.

We hold that the predicate to the note did not comply with Tex.R.Crim.Evid. 901(a), which provides that authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. By way of illustration only, Rule 901(b) lists ten examples of authentication or identification conforming with the requirements of the rule. Example No. 1 sets forth as follows: *"Testimony of witness with knowledge.* Testimony that a matter is what it is claimed to be." Appellant claims this note to be one from Officer I.C. Rojano to Margarita Hinojosa; however, no evidence exists to support a finding that the matter in question is what appellant claims.

By point of error eighteen, appellant complains the trial court erred by excluding from evidence a photograph showing Officer Rojano and Margarita Hinojosa in a "compromising position." During A.L.R.'s cross-examination, defense counsel attempted to admit into evidence a photograph depicting Officer Rojano and Margarita Hinojosa. At the time of trial, Hinojosa was appellant's wife. In this photograph, Rojano is carrying Hinojosa over his shoulder.

We conclude that the photograph fails to illustrate any fact which would tend to establish ill-feeling, bias, motive and animus upon the part of any witness testifying against appellant. The facts indicate that a friendship existed between Rojano and Hinojosa. Rojano was also a friend of Hinojosa's family. He helped Hinojosa's family when problems arose. Rojano testified that he did talk to A.L.R. during his investigation of the sexual assaults. Afterwards, he took A.L.R. home and explained the situation to Hinojosa. He said that no special relationship existed between Hinojosa and himself. The photograph is not a legitimate exploration of those matters indicating the friendship or leaning of wit-

nesses, and those associated with them, *toward any party or issue involved.* *Gunn,* 252 S.W. at 178.

By point of error nineteen, appellant contends the trial court erred by excluding from evidence a citation and receipt showing that appellant had not fled as alleged by the State. During cross-examination of Officer Perez, a Brownsville, Texas police officer, defense counsel attempted to admit into evidence a copy of a citation issued to appellant by the Texas Department of Public Safety.

 We conclude the trial court did not err in excluding this particular exhibit. Tex.R.Crim.Evid. 803(6) excepts from the hearsay rule the records of a regularly conducted activity. Specifically, this rule provides, in relevant part:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness....

Perez never testified that he prepared this document, or that he was the custodian of this document. Thus, the evidence does not reflect that the proper predicate was laid to establish this exhibit as a business record as required by Rule 803(6).

Appellant's twenty-eighth point of error alleges the State violated Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon Supp. 1989). Article 38.072 provides, in pertinent part, that statements of a sexual assault victim under the age of twelve are not inadmissible hearsay as long as "(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement: (A) notifies the adverse party of its intention to do so." Ap-

pellant never objected that the State allegedly failed to give him notice according to Article 38.072. Appellant also did not file a motion to suppress the complained-of testimony. Therefore, nothing is preserved for our review. Tex.R.App.P. 52(a); Tex.R. Crim.Evid. 103(a)(1). We overrule all of appellant's points of error and AFFIRM the trial court's judgment.