# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 9, 2012

## STATE OF TENNESSEE v. CHRISTOPHER SCOTT MAYBERRY

### Appeal from the Circuit Court for Humphreys County
### No. 12044   George C. Sexton, Judge

### No.  M2012-00693-CCA-R3-CD   -   Filed March 11, 2013

Appellant, Christopher Scott Mayberry,[1] was indicted by the Humphreys County Grand Jury in June of 2010 for two counts of possession of methamphetamine with intent to sell and one count of the sale of .5 grams or more of cocaine.  After a bench trial, Appellant was found guilty of two counts of the sale of methamphetamine.  The trial court granted a motion for judgment of acquittal with respect to the sale of cocaine.  After a sentencing hearing, Appellant was sentenced to ten years for each conviction, to be served concurrently. Appellant challenges the sufficiency of the evidence on appeal.  After a review of the record and authorities, we conclude that the evidence is sufficient to support the convictions for the sale of methamphetamine.  Accordingly, the judgments of the trial court are affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Steven S. Hooper, Waverly, Tennessee, for the appellant, Christopher S. Mayberry.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Craig Monsue, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] The indictment refers to Appellant as "Chris Scott Mayberry."  The pleadings refer to Appellant as "Chris Scott Mayberry," "Christopher Mayberry," and "Christopher Scott Mayberry."  We will refer to Appellant herein as his name is listed on the indictment, Christopher Scott Mayberry or Appellant.

# OPINION

## *Factual Background*

Appellant was indicted in June of 2010 for three separate drug-related offenses that occurred in Waverly, Tennessee. Tina Hughey worked as a confidential informant for the Waverly Police Department. Specifically, Ms. Hughey worked with Detective Tony Ahne. Detective Ahne gave assignments to Ms. Hughey and monitored her activity through the use of an audio recording device. Ms. Hughey worked with the police department for about one year and participated in about fifty cases during that time.

Ms. Hughey was involved in three separate transactions involving Appellant in December of 2005. The transactions that are at issue on appeal occurred on December 21 and 23. On these two separate occasions, Ms. Hughey called Appellant's cell phone to arrange a meeting. Ms. Hughey was given money from the police for the transactions. The first of the drug purchases took place in West Brookside through a friend named "Shelley."[2] Ms. Tiffany gave the drugs to Ms. Hughey and Ms. Hughey gave Ms. Tiffany the money. The second transaction took place in the same manner. Both transactions resulted in the purchase of methamphetamine.

At trial, Ms. Hughey testified that the second transaction was similar to the first, also taking place at Brookside. Ms. Hughey talked to Appellant on the phone and gave him directions to her house. Ms. Tiffany came with Appellant to the house. Appellant did not enter Ms. Hughey's residence on either occasion. On the audio recording of the transaction, Ms. Hughey is heard talking to someone on the telephone. She tells the person that she lives in Brookside. Ms. Hughey then talks to an unidentified person about drugs and how much money she has paid for drugs in the past. Ms. Hughey then takes another phone call, explaining specifically how to get to her house. She asks the person how long it will take to get to her house, "like fifteen, twenty minutes?" A few minutes later on the tape, knocking is heard. A female voice appears for a few minutes before Ms. Hughey is heard saying, "Bye ya'll." Multiple voices respond to Ms. Hughey. At that point, Ms. Hughey says that "everybody and their f___ mama's been here." Ms. Hughey asks the female if it is a "gram," complains that it is not a gram, and asks if "Chris" is out in the car and whether he can talk to her at the moment. Ms. Hughey is later heard asking "can't you talk to me?" A female voice responds that they are in a hurry. A few moments pass before a female and male voice are heard conversing with Ms. Hughey. At that point, a car engine starts and fades away.

---

[2] Shelley was later identified as Rochelle Tiffany, Appellant's former girlfriend.

Later on the audio recording a new phone call begins with Ms. Hughey exclaiming that she "got both of them" but that "Shelley gave it to me" and "he" was in the car and "in a hurry."

On December 23, the audio recording begins with Ms. Hughey receiving instruction from Detective Ahne to buy cocaine from "Ray Ray" Cooksie. During the recording, Ms. Hughey receives a call and asks the caller if they were "coming right now" because she was "fixin to leave in about ten minutes." Ms. Hughey is then heard talking to a female about cornmeal. Ms. Hughey asks where "Chris" is and the female voice responds that he is "out in the truck." Ms. Hughey claims that she will "drag him out of that truck." Next, Ms. Hughey is heard talking to a male voice. After some small talk, the vehicle is heard driving away.

Appellant chose not to testify at trial. Rochelle Tiffany testified for Appellant. She dated Appellant "off and on for about the last six years" and had a brief relationship with him in 2005. Ms. Tiffany confirmed that she had recently written letters to the trial court with regard to the case in which she claimed Appellant "had no knowledge of what was stated on them days." In other words, Appellant "had no knowledge of the actual [drug] buys." She claimed that Ms. Hughey contacted her via telephone, set up the drug buys with her, and that Ms. Hughey never had contact with Appellant. However, on cross-examination, Ms. Tiffany admitted that she was riding around with Appellant when she went to Ms. Hughey's home to deliver the drugs and receive the payment. Ms. Tiffany claimed that she kept the money from these drug transactions and did not give it to Appellant. Ms. Tiffany informed the trial court that she was charged as a co-defendant but had accepted a "diversion plea." Unfortunately, Ms. Tiffany violated probation and, after her probation was reinstated, failed a drug screen. Ms. Tiffany ultimately ended up serving her three-year sentence.

At the conclusion of the evidence, the trial court found sufficient evidence to convict Appellant of two counts of the sale of methamphetamine. The trial court granted a motion for judgment of acquittal with respect to the third count of the indictment.[3]

The trial court held a sentencing hearing to determine the length and manner of service of Appellant's sentences. At the conclusion of the hearing, the trial court sentenced Appellant to ten years for each conviction, to be served concurrently.

On appeal, Appellant challenges the sufficiency of the evidence.

---

[3] It is for this reason that we have not included the factual basis for the third count of the indictment in the factual background portion of the opinion on appeal.

*Analysis*

On appeal, Appellant insists that the trial court erred in denying his motion for judgment of acquittal and that the evidence was insufficient to support his convictions for selling methamphetamine. Specifically, Appellant contends that the proof did not show that he manufactured, delivered, sold, or possessed a controlled substance. The proof merely shows that Appellant was at the residence of the confidential informant and the drug purchase was between Ms. Hughey and Ms. Tiffany. Further, Appellant argues that the proof submitted on his behalf at trial indicates that he had no knowledge of the actual drug purchase and, therefore, the evidence is insufficient. The State, on the other hand, argues that the evidence is sufficient to support the convictions.

When assessing the sufficiency of the evidence following a conviction from a bench trial, "the verdict of the trial judge is entitled to the same weight on appeal as a jury verdict." *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (citing *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978)). To begin our analysis, we note that when a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S .W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally deemed with a presumption of innocence, the verdict of guilty removes this presumption and replaces it with one of guilt. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.*

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence. *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 599, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proved, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011). As such, all reasonable inferences from evidence are to be drawn in favor of the State. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *See Tuggle*, 639 S.W.2d at 914.

Appellant herein was convicted of two counts of the sale of .5 grams or more of methamphetamine. Our statutes provide that it is an offense to knowingly sell a controlled substance. T.C.A. § 39-17-417(a)(3). It is a Class B felony to sell .5 grams or more of methamphetamine. *Id.* at (c)(1).

The transcript reveals that the trial judge, as the trier of fact and law in this case, considered Appellant's argument and concluded that, based on the evidence, Ms. Hughey, the confidential informant, called Appellant and set up a meeting to purchase methamphetamine. Ms. Tiffany arrived at Ms. Hughey's home and sold her the methamphetamine while Appellant waited in the car. While Ms. Tiffany testified that Appellant had no knowledge of the drug transaction, the trial court accredited the testimony of Ms. Hughey, a finding which we will not reweigh or reevaluate on appeal. *Morgan*, 929 S.W.2d at 383; *Matthews*, 805 S.W.2d at 779. Additionally, Investigator Ahne testified that he searched Ms. Hughey for contraband prior to the arrangement of the transaction, supplied her with money for the transaction, and placed an audio recording device on her person. While the officers involved did not obtain a visual on Appellant during the transaction, the audio recording is consistent with Ms. Hughey's testimony. Based upon this evidence, it is clear that the defendant has failed to establish that insufficient evidence was presented; rather, it is clear that any reasonable trier of rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In other words, the evidence was sufficient to support the convictions. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE