PD-0811-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/15/2015 7:17:51 PM
Accepted 9/16/2015 1:32:21 PM
ABEL ACOSTA
CLERK

No. PD-0811-15

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

_____

| | | |
|---|---|---|
| **FILIBERTO SIERRA** | § | **COURT OF APPEALS** |
| *Petitioner,* | § | **IN THE FOURTH** |
| | § | **JUDICIAL DISTRICT** |
| **v.** | § | **SAN ANTONIO, TEXAS** |
| | § | **No. 04-14-00279-CR** |
| **STATE OF TEXAS,** | § | |
| *Respondent.* | § | |

_____

## PETITION FOR DISCRETIONARY REVIEW

_____

**On appeal from Cause No. 2011-CR-8109
in the 175th Judicial District Court
Bexar County, Texas**

_____

FILED IN
COURT OF CRIMINAL APPEALS

September 16, 2015

ABEL ACOSTA, CLERK

John T. Hunter
State Bar No. 24077532
Thomas Lane
State Bar No. 24087883
LAW OFFICE OF JOHN HUNTER
310 S. St. Mary's St.
Suite 1840 – Tower Life Bldg.
San Antonio, Texas 78205
(210) 399-8669
(210) 568-4927 (*telecopier*)

Attorneys for Filiberto Sierra

**\*Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

The parties to this litigation are as follows:

**Filiberto Sierra**, petitioner herein, was the defendant in the trial court.

**The State of Texas**, respondent herein, was represented by the Bexar County District Attorney's Office, Paul Elizondo Tower, 101 W. Nueva St., San Antonio, Texas 78205. At trial, the State was represented by **Susan D. Reed**, then elected district attorney, **Karl Matthew Alexander**, and **Alessandra Cranshaw**, Assistant District Attorneys.

Filiberto Sierra was represented by **Raymond Martinez**, 301 Fair Ave., San Antonio, Texas 78223 in the trial court. On appeal to the Fourth Court of Appeals, Mr. Sierra was represented by **Michael Robbins**, Assistant Public Defender, Paul Elizondo Tower, 101 W. Nueva St., Suite 310, San Antonio, Texas 78205. Mr. Sierra is currently represented by **John T. Hunter**, undersigned counsel, and **Thomas Lane**, 310 S. St. Mary's St., Suite 1840, San Antonio, Texas 78205.

The State of Texas is represented on Appeal by **Lauren Scott** of the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 370, San Antonio, Texas 78205.

**The Honorable Mary Roman**, District Judge for the 175th Judicial District presided over the trial of this cause. 175th District Court, Cadena-Reeves Justice Center, 300 Dolorosa St., 4th Floor, San Antonio, Texas 78205.

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................... i

Table of Authorities................................................................................... iii

Statement Regarding Oral Argument ........................................................... iv

Statement of the Case ................................................................................. v

Statement of Procedural History ................................................................. vi

Issues Presented......................................................................................... 1

Summary of Argument ................................................................................ 2

The court of appeals incorrectly applied an
abuse of discretion standard to review prosecution's
direct comment on Sierra's failure to testify ............................................... 4

The court of appeals applied the incorrect harm analysis
and Sierra is entitled to relief from the violation of his
constitutional right under the Fifth Amendment and Article
I § 10.......................................................................................................... 10

Prayer for Relief ........................................................................................ 18

Certificate of Service ................................................................................. 19

Certificate of Compliance........................................................................... 19

Appendix .................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).................. *passim*

*Cruz v. State,* 225 S.W.3d 546, 548 (Tex. Crim. App. 2007).................... 5

*Dickinson v. State,* 685 S.W.2d 320 (Tex. Crim. App. 1984) ................... 14

*Harris v. State,* 790 S.W.2d 568, 585 (Tex. Crim. App. 1989).................. 17

*Hawkins v. State,* 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004) ............. 4, 8

*Johnson v. State,* 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) ......................... 7

*Montgomery v. State,* 810 S.W.2d 272, 291 (Tex. Crim. App. 1990)........ 7

*Montoya v. State,* 744 S.W.2d 15, 37 (Tex. Crim. App. 1987) .................. 14

*Owen v. State,* 656 S.W.2d 458 (Tex. Crim. App. 1983) ........................... 14

*Sierra v. State,* 2015 Tex. App. LEXIS 6099
(Tex. App.—San Antonio 2015) ............................................................... *passim*

*Snowden v. State,* 353 S.W.3d 815 (Tex. Crim. App. 2011)..................... *passim*

*Waldo v. State,* 746 S.W.2d 750, 753 (Tex. Crim. App. 1988).................. 14

**Constitutional Statutory Authority**

Tex. Const. art. I, § 10 .............................................................................. 2

Tex. Rule App. Proc. 44.2(a)..................................................................... *passim*

U.S. Const. amend. V ................................................................................ *passim*

# STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument before this Honorable Court. Although Appellant submits that the facts and legal arguments are thoroughly presented in this brief and in the record, Appellant also believes that the decision-making process of the Court will be significantly aided by oral argument.

This appeal deals with a pair of complex procedural questions stemming from an act of prosecutorial misconduct, committed when the State made an inappropriate speaking objection during a critical moment of the Defendant's case-in-chief that commented directly upon the Defendant's failure to testify. These questions contrast the proper standard of review for such a claim, and the factors relied upon in Rule 44.2(a) constitutional error analysis, against the standard the Fourth Court enunciated in the opinion below. Appellant believes that oral argument will better help the Court access these legal arguments. As a result, Appellant respectfully requests oral argument.

## STATEMENT OF THE CASE

Filiberto Sierra was charged by way of a two-count indictment on September 21, 2011 with aggravated sexual assault and assault on a family member by impeding normal breathing, second family violence offense. The indictment also alleged an enhancement paragraph for Sierra's prior felony conviction. [CR Vol. 1 at pg. 6-7].

A jury was empaneled and sworn on April 4, 2014 and Sierra entered a plea of not guilty. [RR Vol. 2 at pg. 150; RR Vol. 3 at pg. 9]. Sierra was convicted of aggravated sexual assault as charged in Count I of the indictment, and was also convicted of a lesser-included of Count II – assault on a family member, second offense. [CR Vol. 1 at 54-55; RR Vol. 4 at pg. 179]. Sierra elected to proceed punishment by the jury. [CR Vol. 1 at pg. 29]. The jury made an affirmative finding regarding the use or exhibition of a deadly weapon, found the enhancement by prior felony provision in the indictment true, and assessed a punishment of fifteen (15) years prison confinement under Count I, and five (5) years for the lesser-included of Count II. [CR Vol. 1 at 65-67; RR Vol. 5 at pg. 134]. The court so sentenced Sierra. [CR Vol. 1 at pg. 68-71; RR Vol. 5 at pg. 135]. The trial court certified Sierra's right to appeal the convictions. [CR Vol. 1 at pg. 72-73], and Sierra filed a timely notice of appeal. [CR Vol. 1 at pg. 74].

# PROCEDURAL HISTORY

The San Antonio Court of Appeals handed down its memorandum opinion denying all relief on June 17, 2015. *Sierra v. State,* No. 04-14-00279-CR, 2015 Tex. App. LEXIS 6099 (Tex. App.—San Antonio 2015) (mem. op). No motion for rehearing was filed. Mr. Sierra's petition for discretionary review is timely by virtue of his pro-se request for an extension of time to file his petition, prior to retaining undersigned counsel to represent him, received by the Court on July 7, 2015.

# ISSUES PRESENTED

1.    The court of appeals applied the incorrect standard of review when it evaluated the prosecutor's direct comment on the Defendant's failure to testify under an abuse of discretion standard.

2.    The court of appeals' analysis incorrectly applied the standard set for constitutional error in criminal cases pursuant to Rule 44.2(a) of the Texas Rules of Appellate Procedure and this Court's guidance language in *Snowden v. State*.

**SUMMARY OF ARGUMENT**

At the trial of Mr. Sierra's case, the prosecutor commented directly upon the Defendant's silence and failure to testify when he made a speaking objection in front of the jury:

> Our objection would be as to hearsay. It is a self-serving statement of the Defendant and an attempt by counsel to hide behind the Fifth Amendment and not subject his [client] to cross-examination.

[RR Vol. 4 at pg. 54, ln. 20-24]. The Fourth Court of Appeals, immediately recognizing the comment for what it was, noted that this remark was "neither indirect nor an allusion. To the contrary, the State's remark was *specifically directed at Sierra's failure to testify in his defense*" in violation of the Fifth Amendment to the United States Constitution and Article I § 10 of the Texas Constitution. *Sierra v. State,* No. 04-14-00279-CR, 2015 Tex. App. LEXIS 6099 at *9 (Tex. App.—San Antonio June 17, 2015) (emphasis added).

Trial counsel objected to this remark, and the trial court overruled the objection. [RR Vol. 4 at 74-75]. Trial counsel's excited objection also indicated that he would seek a mistrial. As a result, the parties below and the San Antonio Court of Appeals incorrectly construed the trial court's overruling of the objection as a denial of mistrial. *Sierra,* 2015 Tex. App. LEXIS at * 7-8. However, the plain reading of the record establishes that the trial court denied counsel's *objection*. This subtle distinction is critically important, as it incorrectly modified the

standard of appellate review, and concealed the plain error of the trial court in the cloak of the abuse of discretion standard. Regardless of the standard relied upon by the parties and the court below, the court of appeals is duty bound to apply the correct standard of review. Its failure to do so merits discretionary review from this Honorable Court.

Concluding that the prosecution's remark was improper, the Fourth Court of Appeals conducted a harm analysis pursuant to this Court's holding in *Snowden v. State,* 353 S.W.3d 815 (Tex. Crim. App. 2011). The court found the error to be harmless under Rule 44.2(a) of the Texas Rules of Appellate Procedure. *Sierra,* 2015 Tex. App. LEXIS at *12. In the second issue presented, Sierra contends that the Fourth Court incorrectly applied the harm analysis promulgated for constitutional error, and misapplied the modified *Harris* factors adopted in this Court's *Snowden* decision. Because the lower court's analysis deprived Sierra of the full import of the harm analysis guaranteed by Rule 44.2(a) and the Texas and United States constitutions, this Honorable Court should grant discretionary review to apply the correct analysis.

**ARGUMENT**

**1.    The court of appeals applied the incorrect standard of review when it evaluated the prosecutor's direct comment on the Defendant's failure to testify under an abuse of discretion standard.**

The Fourth Court of Appeals focused its inquiry around whether or not the trial court abused its discretion in denying a mistrial. Admittedly, this incorrect emphasis was produced in part by the parties in the proceedings below; however, the mistaken belief of the parties does not excuse the lower court of its duty to apply the correct standard of review. This Court has addressed such circumstances in the context of prosecutorial misconduct affecting the defendant's right not to testify in the past, and found that the understanding of the parties below and the lower appellate court is not controlling. *Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (quoting *Hawkins v. State,* 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004).

The court of appeals concerned itself with whether the prosecutor's misconduct, viewed in light of its harmful effect, was cured by the trial court's jury charge or otherwise not significant enough to justify a mistrial. *Sierra,* 2015 Tex. App. LEXIS at * 12. Such an approach dilutes Rule 44.2(a)'s express mandate that constitutional error necessitates reversal absent a finding that it did not contribute to the conviction beyond a reasonable doubt.

The record establishes that the prosecution engaged in misconduct by directly commenting on Sierra's failure to testify. [RR Vol. 4 at pg. 54]. Defense counsel objected to the prosecutor's remarks, and then indicated he would seek a mistrial. [RR Vol. 4 at pg. 75]. The trial court overruled the objection. *Id.* The fact that Counsel uttered the word "mistrial" does not change the time-honored order of operations for preserving error. *Cruz v. State,* 225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (preserving error requires the defense attorney to pursue his objection to an adverse ruling; first he must object, second seek a limiting instruction, and third move for mistrial). The trial court's ruling in this case did not require pursuit to an adverse ruling; the trial judge overruled counsel's objection immediately. [RR Vol. 4 at 75] ("That's overruled. Go ahead and bring [the jury] in"). The fact that trial counsel was overruled in the first instance distinguishes the case at bar from this Court's holding in *Archie,* upon which the *Sierra* court relied. *Archie v. State,* 221 S.W.3d 695 (Tex. Crim. App. 2007). In *Archie,* the trial court both sustained the Defendant's objection to the prosecution's improper remark and instructed the jury to disregard the same. *Id* at 699. The trial court in *Archie* immediately identified the remark as misconduct, acknowledged the same in open court, and actively made efforts to remedy the impropriety's effect in front of the jury. In contrast, the only utterance from the bench in the case at bar was "overruled." [RR Vol. 4 at 75]. This was done at a bench conference outside the

5

presence of the jury, a set of circumstances procured by the trial court, and done before trial counsel had time to publicly object to the remark. By approaching the Defendant's objection in this manner, the court was clearly expressing its view that permitting the comment to stand did not constitute error; nothing in the record supports the conclusion that the trial court found the remark inappropriate but exercised its discretion to deny a mistrial. When the jury returned, the court did not immediately instruct the jury to disregard the prosecutor's prior remarks, even though the jury reentered the courtroom immediately upon disposal of the objection. *Id.*

By attempting to answer the question of whether the trial court abused its discretion in denying Sierra's request for a mistrial, the Fourth Court skipped a critical part of the analysis. The trial court committed error when it denied Sierra's objection. Abuse of discretion is the incorrect standard for evaluating the existence of such an error. There were no findings of credibility, and no factual determinations for the court to make. The prosecutor explicitly said the defendant was hiding behind his Fifth Amendment privilege. Such a remark does not fall into shades of gray; it is instead a black and white question of law. Rather than acknowledge this and then proceed to harm analysis, the Fourth Court incorrectly considered the harm as part of whether error existed in the first instance. Such an approach flies in the face of constitutional harm analysis; nevertheless, it occurred

in this case because the Fourth Court incorrectly placed its emphasis on the word "mistrial." This is an unjust result.

A reviewing court cannot truly consider whether the record supports a finding beyond a reasonable doubt that the error did not contribute to the verdict if it remains transfixed upon the question of whether the trial court's decision to allow the improper comment fell within the "reasonable zone of disagreement." *Compare Johnson v. State,* 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) ("No party should have the burden to prove harm from an error . . . it is the duty of the reviewing court to assess harm from the context of the error."), *with Montgomery v. State,* 810 S.W.2d 272, 291 (Tex. Crim. App. 1990) (discussing the abuse of discretion standard, cautioning appellate courts that they should not substitute their judgment for that of the trial court's when the lower court's position was within "the zone of reasonable disagreement."). You cannot determine the existence of an error from whether or not the error harmed the defendant. Nevertheless, this is what the Fourth Court's analysis does exactly. It so holds by mistakenly applying the test set forth in this Court's opinion in *Archie* – discussing whether or not the court's failure to declare a mistrial was an abuse of discretion – instead of true constitutional error analysis. *Cf. Archie v. State,* 221 S.W.3d at 699 ("[T]he court of appeals erred in analyzing the error under TEX. R. APP. P. 44.2(a)"). In the *Archie* decision, this court makes the distinction at issue here quite clear:

Although the Court of Appeals and the parties have approached the issue as one of harm, that is not a correct characterization of the issue before us. A harm analysis is employed only when there is error, and ordinarily, error occurs only when the trial court makes a mistake. [citation omitted]. Here, the trial court sustained the defense objection and granted the requested instruction to disregard. The only adverse ruling – and thus the only occasion for making a mistake – was the trial court's denial of the motion for mistrial. Under those circumstances, the proper issue is whether the refusal to grant the mistrial was an abuse of discretion. [citation omitted].

*Id* (quoting *Hawkins v. State,* 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004)). Again, the case at bar presents the polar opposite scenario from that discussed in *Archie* and *Hawkins*. Nevertheless, the court of appeals applied essentially an identical standard of review. *Compare Archie,* 221 S.W.3d at 699 (Applying a test *similar* to harm analysis, but admittedly not identical to what is required under Rule 44.2(a) – severity of the misconduct, curative measures employed, and certainty of conviction), *with Sierra,* 2015 Tex. App. LEXIS at * 12 (Applying essentially the same test). Because the trial court overruled defense counsel's objection, and was plainly in error to do so, the Fourth Court of Appeals should have found that the trial court erred and then conducted a proper Rule 44.2(a) harm analysis.

It is essential to correct this error, because to leave the lower court's analysis intact threatens to turn our State's rules of error preservation into a mechanism for creating disparate outcomes between similarly situated defendants. When the word mistrial is used in its correct, formulaic sense, the Court's reasoning in *Archie*

works: the trial court finds the prosecution's remark inappropriate; takes reasonable efforts to cure the impact of the remark at the time of its utterance; and then must balance the threat posed to the defendant's constitutional rights against the system's interest in finality, the time and expense incurred to conduct the trial, the potential for jeopardy to bar a subsequent retrial, the potential for the defendant's acquittal to be jeopardized by an erroneous ruling, etc. None of those critical considerations happened here. The record supports a reading of defense counsel's remarks as purely an objection to the prosecution's comment. Contrary to the court of appeals findings, no curative instruction was given, save and except the boilerplate Article 38.08 instruction given in the jury charge. [RR Vol. 4 at pg. 141]. Nothing in the record suggests that counsel's objection was sustained. It defies both fundamental fairness and common sense to concluded that a defendant who merely objected and was overruled gets his error reviewed by "taking into account every circumstance apparent from the record that logically informs an appellate determination whether 'beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment" whilst a defendant who objects and alludes to mistrial in the same sentence, but gets the identical ruling and treatment from the court, gets reviewed for an abuse of discretion. *Snowden v. State,* 353 S.W.3d 815, 822 (Tex. Crim. App. 2011) (internal quotation omitted). Because the Court of Appeals erroneously conducted its harm analysis of a plain

constitutional error through the lens of the abuse of discretion standard, this Court should take discretionary review to correct the error and require the proper analysis.

**2)      The court of appeals' analysis incorrectly applied the standard set for constitutional error in criminal cases pursuant to Rule 44.2(a) of the Texas Rules of Appellate Procedure and this Court's guidance language in *Snowden v. State*.**

Had the fourth court of appeals correctly applied the test enunciated by this Court in *Snowden,* Sierra would have been granted relief. In *Snowden v. State,* this Court called upon reviewing courts to examine the question of constitutional error in the context of a panoply of circumstances including, but not limited to, the nature of the error, the extent to which the error was emphasized, its probable collateral implications, and the probable weight a juror would assign the error. *Snowden v. State,* 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). Nevertheless, the court of appeals in this case applied three different factors in its analysis, one of which is expressly inapplicable to prosecutorial misconduct of this magnitude. The other two factors are not squarely in harmony with those enunciated in *Snowden.*

First, the Fourth Court concluded that the isolated nature of the prosecutor's remarks diminished its significance. The isolated nature of the remark is not an explicit factor referenced in *Snowden.* The fact that the actual misconduct only occurred once does not resolve the deeper question put to the lower courts in

*Snowden:* whether the misconduct or its message was emphasized to the State's advantage or the Defendant's detriment.

Absent in the court's analysis of this point is the fact that the State's comment came during a crucial point of Defense's case-in-chief, namely as Defense Counsel was attempting to offer a videotaped statement Sierra gave to police. *See* [Defense Exhibit 4]. In this statement, Sierra spoke with a detective about the events in question. Although acknowledging that he and the complaining witness engaged in a physical altercation, Sierra insisted that the sexual intercourse was consensual sex.[1] Had the prosecution merely objected to the proposed exhibit on the basis of hearsay, the video would have become a null entity – not to be taken as evidence for either side. However, by injecting into the objection the remarks that the exhibit was "self-serving" and an attempt to hide behind the fifth amendment, the prosecution created an effective golem in the mind of the jurors: an uncorrected insinuation that the defendant's only defense was a parlor trick, not worth presenting to the jury, and that if the defendant were to assert the same on the stand, under oath, he would be eviscerated by the State's powers of cross-examination. Like an unanswered challenge to duel, the State's remarks here

---

[1] Undersigned does not attempt to pretend that Mr. Sierra phrased these matters to the detective with any sort of eloquence or good taste. The conversation is crass and would be considered by polite society quite rude in its vocabulary. Undersigned does not urge the court to consider the video for any purpose other than to illustrate that its exclusion, in conjunction with the remarks used by the State to effectuate its exclusion, undercut the defense's ability to present its theory of

permitted the jury to think less of Sierra merely because he didn't have the guts to take the stand and state his defense under oath.

Additionally, the tug-of-war regarding this exhibit was not isolated to a mere offer into evidence and objection. Before making his improper remark, the prosecutor first had the opportunity to cross-examine the exhibit's sponsoring witness – the detective who interviewed Sierra. In the course of this examination, the State was able to characterize Sierra's discussion as untruthful, incomplete, and unbelievable.[2] Armed with the knowledge that Appellant's video testimony had instead become a weapon against him, the prosecutor emphasized his previous improper speaking objection. He told the jury in closing argument: "the ***only people that actually know what happened that day are the Defendant and the victim.*** They are the only people that know a hundred percent what happened" [RR. 4, pg. 147, ln. 21-24]. Later on, at the very end of his closing, the prosecutor again drew strength from this theme:

> And let's be really, really clear, okay? First off, he has no burden to put on a case. Okay. The burden of proof is on us. However, he does have equal subpoena power***. If all of that was so helpful and proved his client's innocence, you know darn well it would have been brought to you.*** The defendant cooperated. I've already talked about that. ***Did he really or did he really just try to sell a bill of goods to that detective in hopes that he***

---

[2] [RR Vol. 4 at pg. 47] (Prosecutor: You've had a lot of experience in talking to people and trying to size them up; is that accurate? Detective: That's correct); [RR Vol. 4 at pg. 49] (Q: So initially [before speaking with the complainant] just talking to him and everything you got from the field, you still believed there was probable cause? A: That's correct);[RR Vol. 4 at pg. 50] (Q: Did you change your mind [about arresting Sierra based upon his interview] in this case? A: I did not)]

*wouldn't get arrested?  And what did the detective tell you, he was less than forthcoming and he didn't believe him*, so he arrested him anyway. So *I think its disingenuous* to try to convince you that the Defendant cooperated with the police.

[RR Vol. 4 at pg. 171-172].  Given all that had transpired, these remarks are clearly an allusion to Sierra's failure to introduce the video, and to again emphasize that the only reason the defendant wanted the video in evidence was so he could tell his story without testifying.

The prosecutor's improper speaking objection was not an isolated incident. It was an infected needle working injury not only to the site of the injection, but also to the entire blood stream. Calling attention to Sierra's silence at trial, unchecked, permitted the prosecution to repeatedly emphasize the Defendant's imputed dishonesty.

Second, the Fourth Court concluded that the language contained in the jury charge cured any harm caused by the prosecution's remarks. The only such curative language was boilerplate, and not given contemporaneous with the misconduct, but rather at the submission of the charge at the close of evidence. [RR Vol. 4 at pg. 141]. In any event, the lower court's emphasis on this factor is misplaced. Where the prosecution makes a direct comment on the defendant's failure to testify, the "presumption" that the jury will follow the court's instructions does not apply; to the contrary, it is presumed that a jury will not disregard a direct comment on the silence of the defendant, despite instructions from the court to that

effect. *See Waldo v. State,* 746 S.W.2d 750, 753 (Tex. Crim. App. 1988) ("[A] direct comment on failure of the accused to testify [is] a variety of error for which this Court has essentially reversed the presumption and generally found instructions to disregard inefficacious."); *Montoya v. State,* 744 S.W.2d 15, 37 (Tex. Crim. App. 1987) ("The prejudicial effect of a direct reference to the defendant's failure to testify normally cannot be cured by an instruction to the jury to disregard."); *See also Dickinson v. State,* 685 S.W.2d 320 (Tex. Crim. App. 1984) ("This court has often held that when a prosecuting attorney violates the provisions of Art. 38.08 . . . and the matter is brought before this court for review, this Court's duty is clear . . . *Such error is rarely curable by an instruction to the jury to disregard."); Owen v. State,* 656 S.W.2d 458 (Tex. Crim. App. 1983) ("The prohibition against a comment on the defendant's failure to testify is mandatory and the adverse effect [of such a comment] is not generally cured by an instruction to the jury."). Thus, the court's reliance upon the presence of a limiting instruction, which was not a factor enunciated in *Snowden,* and has been routinely rejected by the opinions of this Court, is in error.

Finally, the Fourth Court placed undue significance upon the "overwhelming" evidence of Sierra's guilt. At the onset, the lower court's review of the evidence points to the DNA, physical evidence, and the testimony of the complainant to substantiate its assertion that the evidence was overwhelming.

*Sierra*, 2015 Tex. App. LEXIS at * 11. In reality, the *sine qua non* of the trial for both the aggravated sexual assault and assault family violence convictions turned upon the credibility of the complaining witness. The DNA testing in the case only established the presence of saliva from a possible bite mark on the complainant's arm or shoulder area; no presumptive testing for semen or sperm yielded a positive result. [RR Vol. 4 at pg. 19-20]; *Compare* [State's Exhibit 10] (showing a faint red mark), *with* [RR Vol. 3 at pg. 58] (complainant identifying State's Exhibit 10 as depicting the location of what complainant thought was "a bite or something like that.").[3] The physical evidence depicts a series of scrapes and minor bruises that could be consistent with an altercation, but they are not so severe or unusual as to foreclose other causes such as self-infliction, wounds inflicted in self defense by Sierra, accident, or perhaps simply injuries unrelated to later, consensual sexual conduct between the complainant and the defendant. The sexual assault nurse examiner ("SANE") nurse similarly could not rule out consent, acknowledging on cross-examination that hymeneal tearing of the type observed could have come from consensual sexual intercourse [RR Vol. 3 at pg. 195]. The "SANE" exam report furthers this conclusion, noting "no trauma" to the labia majora and minora, vagina, and cervix, and only a small tear from 8-9 o'clock at the hymen and a ¼ of

---

[3] It is also possible that the mark in State's Exhibit 10 is not a bite mark at all; the complainant also testified that Sierra spit on her, which could also account for the presence of saliva in laboratory testing. [RR Vol. 3 at pg. 24]. In order to help dispel the lower court's characterization of the record as being replete with overwhelming evidence of guilt, undersigned would direct the Court to State's exhibits 1-12.

a centimeter tear at the anus. [State's Exhibit 27]. In conjunction with these non-definitive pieces of evidence, the complainant testified that the couple had engaged in consensual sex in the past after arguments and fights with one another. [RR Vol. 3 at pg. 107]. Additionally, the complainant's own mother testified that in her opinion, the complainant was not a truthful person. [RR Vol. 4 at 115] ("Q: In your opinion is [your daughter] a truthful person? A: No, sir."). In short, the evidence of guilt was not overwhelming. Instead, the case turned on credibility, and it is impossible to say beyond a reasonable doubt that in such a case, where credibility is so critically important, the prosecution's comment on the Defendant's failure to testify did not contribute to the jury's verdict.

The lower court's emphasis on the "overwhelming evidence of guilt," is not one of the factors explicitly laid out in *Harris* and re-clarified in *Snowden*:

> [In *Harris*] we rejected the proposition that a constitutional error may be deemed harmless simply because the reviewing court is confident that the result the jury reached was objectively correct or that, in any event, the jury could have reached the same result no matter how much the error may have facilitated that resolution. Instead, we repeatedly emphasized that [now Rule 44.2(a)] requires reviewing courts to focus, not upon the perceived accuracy of the conviction or punishment, but upon the error itself in the context of the trial as a whole, in order to determine the likelihood that it genuinely corrupted the fact-finding process.

*Snowden v. State,* 353 S.W.3d 815, 819 (Tex. Crim. App. 2011) (citing *Harris v. State,* 790 S.W.2d 568, 585 (Tex. Crim. App. 1989)). By focusing so much of its conclusion around the weight and character of the State's evidence, the lower court

failed to consider the collateral implications and other circumstances apparent in the record that logically inform the question mandated by Rule 44.2(a). *Snowden,* 353 S.W.3d at 822. In particular, not once is it discussed that the language used by the prosecutor in this case is perhaps the most egregious comment on the defendant's failure to testify addressed in all the contemporary case law. Most, if not all of the decisions cited in this brief and cited by the Fourth Court contend only with veiled allusions and rhetorical devices that nevertheless directly attack the defendant's silence. In this case, the prosecutor just came right out and said it: the defendant wants to hide behind his fifth amendment so the State can't cross-examine him. It also failed to consider how an "isolated" event like this inexcusable speaking objection might collaterally impact other aspects of the trial, even if it is not mentioned in such egregious terms again. Finally, it failed to consider the trial court's forbearance from action. Here, the trial court failed to reprimand the prosecutor for the remark, failed to sustain the defendant's objection, and failed to otherwise engage in any overt disapproval for such behavior; instead the court sent the jury out to lunch before the defense had an opportunity to object. Sustaining a conviction in spite of constitutional error requires the reviewing court to meet an exceedingly high burden. Given the incompleteness of its review, it is impossible to state that the court fully satisfied

itself beyond a reasonable doubt that the misconduct and the trial court's error did not contribute to the conviction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner Filiberto Sierra prays this Honorable Court pursuant to Rule 44.2(a) of the Texas Rules of Appellate Procedure to reverse his conviction and remand the same for new trial on the basis that the prosecutor's remark constituted a harmful and direct comment upon Sierra's failure to testify in violation of the Texas and United States constitutions. In the alternative, petitioner prays this Honorable Court to reverse the ruling of the San Antonio Court of Appeals and remand the cause to the Fourth Court so it may apply the correct standard of review and harm analysis.

Respectfully Submitted,

/s/ *John T. Hunter*
John T. Hunter
State Bar No. 24077532
Thomas Lane
State Bar No. 24087883
LAW OFFICE OF JOHN HUNTER
310 S. St. Mary's Street
Suite 1840 – Tower Life Bldg.
San Antonio, Texas 78205
(210) 399-8669
(210) 568-4927 (*telecopier*)
ATTORNEYS FOR FILIBERTO SIERRA

18

**CERTIFICATE OF SERVICE**

This is to certify that on the 15th day of September, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was served on the Appellate Division of the Bexar County District Attorney's Office via facsimile.

/s/ John T. Hunter

**CERTIFICATE OF COMPLIANCE**

This is to certify that the above and foregoing Petition for Discretionary Review, save and except all portions expressly excluded from the final word count pursuant to TEX. R. APP. P. 9.4(i)(1), contains 4,443 words and is thus in compliance with TEX. R. APP. P. 9.4(i)(2)(D).

/s/ John T. Hunter

**APPENDIX**



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00279-CR

Filiberto **SIERRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8109
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  June 17, 2015

AFFIRMED

Appellant Filberto Sierra was charged with aggravated sexual assault and felony assault of a family member.  The jury convicted Sierra of aggravated sexual assault and the lesser included offense of assault bodily injury and assessed punishment at fifteen years' and five years' confinement, respectively, in the Institutional Division of the Texas Department of Criminal Justice.  In his sole issue on appeal, Sierra contends the trial court erred in denying his requested mistrial after the prosecutor commented on Sierra's invocation of his right to remain silent. Although the record supports that the prosecutor's statement was improper, we conclude the error

was harmless and thus, the trial court did not abuse its discretion in denying defense counsel's motion for mistrial.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time of the alleged assault, A.S.[1] was Sierra's wife, but they were no longer living together. On June 30, 2011, A.S. notified San Antonio police officers of an assault by Sierra. A.S. reported that the previous evening, June 29, 2011, Sierra forced his way into her home, verbally and physically assaulted her, threatened her with a knife, and then engaged in non-consensual intercourse with her several times throughout the night. A.S. was able to escape the residence after the siren from a smoke detector alerted and she ran next door to the neighbor's house. Sierra was charged with aggravated sexual assault and felony assault bodily injury.

At trial, the State called several witnesses, including A.S., the investigating officer, the sexual assault nurse examiner, and a forensic DNA analyst. After the State rested its case, the defense called San Antonio Police Detective Robert Vara. Defense counsel offered Defendant's Exhibit #4, a video-recording of Detective Vara's interview of Sierra. The State objected as follows:

> Our objection would be as to hearsay. It is a self-serving statement of the Defendant and an attempt by counsel to hide behind the Fifth Amendment and not subject his [client] to cross-examination.

Without further comment by either counsel, the trial court immediately excused the jury. There was significant discussion on an unrelated issue with the indictment; however, before the jury was brought back into the courtroom, defense counsel asserted the following objection:

> Judge, before [the jury] come[s] in, I did want to address the comment made by counsel in his objection. I think he referred, made reference to the Defendant's right to remain silent in his objection and I certainly want to get on record as objecting to that. And actually, I would ask for a mistrial on that issue.

---

[1] Due to the nature of the offense, we limit our identification of the victim to her initials.

> I went back and re-read what he actually said, and [the court reporter] can correct me, what I have in my notes was there was an attempt by the Defendant to hide behind the Fifth Amendment and not subject his client to cross-examination. I think —
>
> . . . .
>
> I don't have to have a ruling right now, but I don't want us to get caught along in the trial. That was where we left off. That's actually when the jury went out, was after he gave that objection.

Without further discussion, the trial court overruled the objection and instructed the bailiff to bring the jury into the courtroom.

Because there was some confusion on whether a portion of the indictment was part of the offense or an enhancement paragraph, the State then read Count II of the indictment and presented evidence of a prior offense through a fingerprint expert. The only other testimony was that of A.S.'s mother, a defense witness, who testified to her opinion that A.S. was not a truthful person.

Defense counsel again proffered Defendant's Exhibit #4 and, outside the presence of the jury, counsel presented their arguments regarding its admissibility. The trial court sustained the State's objection and the exhibit was not admitted into evidence.

The jury convicted Sierra of aggravated sexual assault and assault bodily injury to a family member and assessed punishment at fifteen years' and five years' confinement, respectively, in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

### DENIAL OF MOTION FOR MISTRIAL

Sierra contends the trial court erred in failing to declare a mistrial following an objection by the State that amounted to a comment on Sierra's failure to testify.

### A.      Standard of Review

An appellate court reviews a trial court's denial of a motion for mistrial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App.

2000). Under this standard, "[w]e view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Webb*, 232 S.W.3d at 112; *accord Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Wead*, 129 S.W.3d at 129. An appellate court will not "substitute our judgment for that of the trial court"; our determination is limited to "whether the trial court's decision was arbitrary or unreasonable." *Webb*, 232 S.W.3d at 112. A trial court's denial of a motion for mistrial is considered an abuse of discretion "only when no reasonable view of the record could support the trial court's ruling." *Id.*; *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded by statute on other grounds as stated in State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007).

**B.      Preservation of Error**

### *1.      Arguments of the Parties*

The State contends Sierra failed to properly preserve his issue for review. The State argues that trial counsel's decision to wait until the jury had been excused to lodge his objection made the objection untimely. The State further maintains that Sierra's failure to request a curative instruction also results in lack of preservation.

The Court of Criminal Appeals' analysis in *Archie v. State*, 221 S.W.3d 695 (Tex. Crim. App. 2007), is instructive.

### *2.      Steps Taken by Defense Counsel*

Appellate courts are instructed to "not be hyper-technical in our examination of whether error was preserved." *Archie*, 221 S.W.3d at 698. To preserve error regarding an improper comment by the State, a defendant generally must (1) make a timely and specific objection, (2) request an instruction that the jury disregard the statement if the objection is sustained, and (3) move for a mistrial if the instruction is insufficient to remove the prejudice resulting from the

argument. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (citing *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004)). The sequence of these events, however, "'is not essential to preserve complaints for appellate review.'" *Archie*, 221 S.W.3d at 699 (quoting *Young*, 137 S.W.3d at 69).

Defense counsel lodged his objection during the testimony of defense witness Detective Vara. Detective Vara described the process of taking Sierra's statement and identified the exhibit marked as Defendant's Exhibit #4 as a copy of the video-recording of his interview with Sierra. The State objected based on hearsay.

> Our objection would be as to hearsay. It is a self-serving statement of the Defendant and an attempt by counsel to hide behind the Fifth Amendment and not subject his [client] to cross-examination.

Sierra's counsel immediately objected and the jury was excused. Although there were other discussions held outside the presence of the jury, defense counsel moved for a mistrial prior to any further testimony before the jury. It is worth noting that the objectionable comment was made near the end of the guilt-innocence phase of the trial, with very little additional testimony offered before both sides rested. Finally, the jury charge included the following instruction, which was read in open court by the trial court:

> Our law provides a defendant may testify in his own behalf if he elects to do so. This, however, is a right accorded a defendant; and, in the event he elects not to testify, that fact cannot be taken as a circumstance against him.
>
> In this case, the defendant has elected not to testify; and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

Regardless of the sequence, the effect was the same. Sierra objected to the State's comment, requested a mistrial, and the jury was provided the equivalent of an instruction to disregard. *See Young*, 137 S.W.3d at 69 ("[T]he traditional and preferred procedure for a party to voice its

complaint has been to seek them in sequence—that is, (1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient."). Preservation, however, only requires "a timely, specific request that the trial court refuses." *Id.* We, therefore, conclude the error was preserved. *Id.*; *see also Archie*, 221 S.W.3d at 698.

## C.      Direct Comment on Sierra's Failure to Testify

The State is prohibited from commenting on a defendant's failure to testify; such a comment violates the privilege against self-incrimination and the freedom from compulsion to testify. *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). To determine whether a comment constitutes an impermissible reference to a defendant's failure to testify, a court of appeals must decide "whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id.* at 765 (citing *Griffin v. California*, 380 U.S. 609, 613–14 (1965)). The language complained of "must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear." *Id.* A mere "indirect or implied allusion" to the defendant's failure to testify does not violate the defendant's right to remain silent. *Id.*

The prosecutor's comment was neither indirect nor an allusion. To the contrary, the State's remark was specifically directed at Sierra's failure to testify in his defense. *See Snowden v. State*, 353 S.W.3d 815, 823–24 (Tex. Crim. App. 2011) ("[T]he prosecutor's remark about the appellant's lack of remorse in the courtroom was an objectionable comment on the appellant's failure to testify because it highlighted for the jury the appellant's failure to take the stand and claim present remorse."); *Hall v. State*, 13 S.W.3d 115, 117 (Tex. App.—Fort Worth 2000), *pet. dism'd*, 46 S.W.3d 264 (Tex. Crim. App. 2001) (explaining prosecutor's argument that defendant

never showed remorse necessarily referred to his failure to testify). When considered from the jury's perspective, the record supports the State's comment was clearly improper. *See Bustamante*, 48 S.W.3d at 765. We must, therefore, conduct a harm analysis. *See Snowden*, 353 S.W.3d at 818.

**D.      Harm Analysis**

On appeal, both Sierra and the State agree any error by the prosecutor was constitutional in nature and this court must analyze the error under Rule 44.2(a). *See* TEX. R. APP. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."). Under Rule 44.2(a), an appellate court must reverse the judgment unless it can conclude "beyond a reasonable doubt that the error did not contribute to [Sierra's] conviction or punishment." *Id.*; *Snowden*, 353 S.W.3d at 818. Our analysis considers

> [h]ow emphatically the prosecutor invited the jury to consider the appellant's failure to testify, whether he repeated the invitation once the appellant's objection was overruled, and how much heft the jury would likely have placed upon that invitation in light of the weight and character of the State's evidence.

*Snowden*, 353 S.W.3d at 822; *accord Whitehead v. State*, 437 S.W.3d 547, 553 (Tex. App.—Texarkana 2014, pet. ref'd).

In *Snowden*, the Court of Criminal Appeals acknowledged the trial court's action in failing to sustain Snowden's objection to the prosecutor's comment reasonably directed the jury to consider Snowden's failure to testify. *See Snowden*, 353 S.W.3d at 824; *accord Whitehead v. State*, 437 S.W.3d 547, 553 (Tex. App.—Texarkana 2014, pet. ref'd). Here, the evidence substantiates that the State's objection was a direct comment on Sierra's failure to testify and even invoked the term "Fifth Amendment." We note, however, the comment was not part of a

calculated closing argument, but was instead a brief objection to an exhibit offered by defense counsel. *Cf. Snowden*, 353 S.W.3d at 824.

Additionally, the comment does not appear to have been repeated at any other point during the trial. *See id.* (error was isolated); *Whitehead*, 437 S.W.3d at 553 (same). The record also supports the trial court specifically provided the jury with a written instruction, on its own page in the jury instructions, that the defendant's failure to testify was not to be held against him. Instructions to the jury will generally cure most improprieties that occur during trial, and we presume that a jury will follow the judge's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Finally, we look at the certainty of conviction absent the comment. *See Snowden*, 353 S.W.3d at 822. The jury heard compelling testimony from A.S. identifying Sierra as the perpetrator. Her testimony was supported by evidence including DNA evidence obtained from a bite mark on A.S. There was further physical evidence of A.S. having been assaulted and sexually assaulted. The record supports that the prosecutor's comment did not inject new or harmful facts into the trial. Thus, with respect to *Snowden*'s final factor, the record clearly supports the State presented a strong case against Sierra and there was significant evidence supporting his conviction. In light of all the evidence, we conclude beyond a reasonable doubt that the prosecutor's one-line comment did not contribute to the determination of Sierra's guilt. *Id.* at 818; *see* TEX. R. APP. P. 44.2(a).

## CONCLUSION

Although the State's comment was improper, we presume the jury followed the trial court's instruction that Sierra's decision not to testify could not be held against him. Furthermore, any potential error was harmless because the comment was an isolated event and there was

overwhelming evidence of Sierra's guilt.  Accordingly, the trial court did not abuse its discretion in denying Sierra's motion for mistrial.

Patricia O. Alvarez, Justice

DO NOT PUBLISH